# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Halsted Communications, LTD, :
:
    Petitioner :
:
    v. : No. 510 C.D. 2020
:
:
Workers' Compensation Appeal Board :
(Miller), :
:
    Respondent :


Mark A. Miller, :
:
    Petitioner :
:
    v. : No. 512 C.D. 2020
    : Submitted: February 11, 2022
:
Workers' Compensation Appeal Board :
(Halsted Communications LTD), :
:
    Respondent :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: August 16, 2022


        Halsted Communications, LTD (Employer) and Mark A. Miller

(Claimant) filed cross-petitions for review of an order of the Workers'

Compensation (WC) Appeal Board (Board)[1] affirming the decision of a workers' compensation judge (WCJ) that granted Claimant's Petition to Reinstate Compensation Benefits (Reinstatement Petition) pursuant to the provisions of the Pennsylvania Workers' Compensation Act (Act).[2] We affirm.

## I.

The facts as found by the WCJ are as follows. On February 14, 2010, Claimant sustained work-related injuries while in the course and scope of his employment as a TV technician for Employer. Reproduced Record (RR) at 128a. Claimant received WC benefits pursuant to a Notice of Compensation Payable (NCP) that described Claimant's injury as "left foot, low back, [and] ribs fracture." *Id.* On March 30, 2012, via a Notice of Change of Workers' Compensation Disability Status (Notice of Change), Claimant's WC benefits were modified to partial disability benefits based on an impairment rating evaluation (IRE) performed by Gregory Menio, M.D., which found that Claimant had a 19% whole body impairment rating. *Id.* Claimant stipulated that this Notice of Change was not challenged. *Id.*

On January 16, 2019, Claimant filed the Reinstatement Petition, alleging that his WC benefits should be reinstated as of the date of the IRE based on our Supreme Court's decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*), finding the former provision of the Act authorizing IRE's was unconstitutional. RR at 128a. On

---

[1] By order dated October 6, 2020, this Court consolidated the cross-petitions for review and designated Employer as the petitioner pursuant to Pa.R.A.P. 2136.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4; 2501-2710.

2

February 25, 2019, the WCJ conducted a hearing on the Reinstatement Petition at which Claimant testified that he has not been able to return to his pre-injury job since his February 14, 2010 work injury because it required carrying/lifting and the use of a ladder. *Id.* Claimant also testified that he is not able to walk long distances. *Id.* Employer presented the deposition testimony of Lucian Bednarz, M.D., who testified, in relevant part, that Claimant continues to have a partial impairment for his work injury and is in need of restrictions. *Id.* at 129a.

Based on the foregoing, the WCJ found that "[a]fter careful review and consideration of the entire evidence of record, this [WCJ] finds as credible the testimony of Claimant as this [WCJ] had the opportunity to observe Claimant's bearing and demeanor at the time of his testimony." RR at 129a.[3] The WCJ also found: "Furthermore, Claimant's testimony that he is unable to perform his TV technician job is consistent with Dr. Bednarz's testimony." *Id.* In addition, the WCJ found that, "[a]s it relates to the issues before this [WCJ], this [WCJ] finds Dr. Bednarz credible that Claimant continues to need restrictions for his work injury and had a partial impairment referable to Claimant's lumbar spine." *Id.*

Moreover, the WCJ found:

---

[3] In WC matters, "the WCJ is the ultimate fact-finder who must determine credibility and evidentiary weight. In this role, the WCJ freely evaluates the evidence offered and can accept or reject any witness'[s] testimony, in whole or in part, including that of medical witnesses." *Davis v. Workers' Compensation Appeal Board (City of Philadelphia)*, 753 A.2d 905, 909 (Pa. Cmwlth. 2000). As this Court further stated, "[w]hile this Court can and should consider the competency and sufficiency of evidence presented before a WCJ, the WCJ's assessment of witness credibility is not subject to our review on appeal." *Id.* Moreover, in a substantial evidence analysis where, as here, both parties presented evidence, "it does not matter that there is evidence in the record which supports a factual finding contrary to that made by the WCJ[;] rather, the pertinent inquiry is whether there is any evidence which supports the WCJ's factual finding." *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products)*, 721 A.2d 1152, 1155 (Pa. Cmwlth. 1998).

3

This [WCJ] finds that Claimant met his burden and therefore his Reinstatement Petition is granted. In *Whitfield*[ *v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann, LLC*, 188 A.3d 599 (Pa. Cmwlth. 2018)], the Commonwealth Court held [that] if Claimant's testimony is credited and because Employer presented no evidence on Claimant's "disability status," **Claimant is entitled to reinstatement as of the date [that] he filed his [Reinstatement] Petition**. ([E]mphasis added). Therefore, this [WCJ] finds that Claimant is entitled to reinstatement of his temporary total disability benefits as of January 16, 2019.

RR at 129a. Accordingly, the WCJ issued an order granting Claimant's Reinstatement Petition and granting total disability WC benefits as of January 16, 2019, *id.* at 131a, and Claimant and Employer appealed the WCJ's decision to the Board. *See id.* at 134a.

On April 30, 2020, the Board issued an Opinion and Order affirming the WCJ's decision. *See* RR at 133a-141a. Specifically, the Board rejected Employer's claims that (1) Claimant failed to timely challenge the 2012 Notice of Change; (2) Claimant failed to sustain his burden of proof with respect to his Reinstatement Petition because he failed to present medical evidence of ongoing total disability; (3) it is entitled to a credit under Section 306(a.3) of Act[4] for the partial disability payments already made to Claimant against any future liability; and (4) the WCJ's decision is not "reasoned" as required by Section 422(a) of the Act, 77 P.S. §834. *See id.* at 137a-39a. The Board also rejected Claimant's assertion that he was entitled to a reinstatement of total disability benefits as of the date of the improper IRE, and not as of the date of the filing of his Reinstatement Petition, as directed by the WCJ. *See id.* at 138a-39a. Employer and Claimant then filed the instant cross-petitions for review of the Board's order.

---

[4] Added by the Act of October 24, 2018, P.L. 714 No. 111 (Act 111), 77 P.S. §511.3.

## II.

On appeal,[5] Employer first claims that the Board erred in affirming the WCJ's decision because Claimant failed to present medical evidence of ongoing total disability to support the grant of his Reinstatement Petition. Specifically, Employer relies on our remand order in *Whitfield* to argue that Claimant was required to present such evidence to support a finding of continuing total disability underlying the WCJ's grant of the Reinstatement Petition.

However, in *Whitfield*, this Court engaged in a thorough discussion of *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.)*, 642 A.2d 1083 (Pa. 1994), and *Pieper v. Ametek-Thermax Instruments Division*, 584 A.2d 301 (Pa. 1990), when we devised the standard and burden of proof regarding Claimant's Reinstatement Petition that was filed after *Protz II* and the prior modification of his benefits based on an unconstitutional IRE. We stated:

> The current scenario is more akin to a claimant seeking reinstatement of benefits currently under suspension than one seeking reinstatement of benefits following termination because there is no allegation that [a c]laimant's disability has ceased. The Supreme Court previously explained that suspension status "actually **acknowledges** a continuing medical injury." *Latta*[, 642 A.2d at 1085] (emphasis in original). In situations where benefits were suspended, a claimant is only required to demonstrate that the reasons for the suspension no longer exist. *Pieper*[, 584 A.2d at 304]. A claimant is not required to demonstrate with medical evidence that the

[5] Our scope of review in a WC appeal is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Bloom v. Workmen's Compensation Appeal Board (Keystone Pretzel Bakery)*, 677 A.2d 1314, 1318 n.4 (Pa. Cmwlth. 1996). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 612 A.2d 434, 436 (Pa. 1992).

work-related injury giving rise to the benefits continues; a claimant's testimony to that effect satisfies the claimant's burden of proof. *Latta*, 642 A.2d at 1085. Our Supreme Court has held that "once a claimant testifies that his prior work-related injury continues, the burden shifts to his employer to prove the contrary. Where an employer fails to present evidence to the contrary, the claimant's testimony, if believed by the [WCJ], is sufficient to support reinstatement." *Id.* The Supreme Court explained that because the claimant already established a work-related injury, it would be improper to require a claimant to establish it again. *Id.* "In such suspension situations, the causal connection between the original work-related injury and the disability which gave rise to compensation is **presumed**." *Pieper*, 584 A.2d at 305 (emphasis in original).

\* \* \*

Here, [the c]laimant testified she was unable to work at all since the date of her surgery in 2002. [The e]mployer did not present any evidence to the contrary. Therefore, if [the c]laimant's testimony is credited, this satisfies her burden. *Latta*, 642 A.2d at 1085

*Whitfield*, 188 A.3d at 614-16 (citations omitted) (emphasis added).

Ultimately, in *Whitfield*, after considering potential ways through which a claimant could sustain his burden of proof, we decided that the above "approach is consistent with the overall remedial purpose and humanitarian objective of the [Act], which is intended to benefit the injured worker." *Id.* at 616. We stated that, "[o]therwise, it would appear that a claimant whose status was changed to . . . partial disability based upon an unconstitutional IRE would have no other mechanism of reinstating his or her right to total disability benefits." *Id.* Thus, "in order to be entitled to reinstatement, a claimant must testify that h[is] work-related injury continues, and the WCJ must credit that testimony over any evidence that an employer presents to the contrary." *Id.* at 617; *see also Abraxas Foundation,*

6

*Inc. v. Workers' Compensation Appeal Board (Datemasch)*, 755 A.2d 739, 743 (Pa. Cmwlth. 2000) ("Moreover, a claimant is not required to produce unequivocal medical evidence to establish continuing disability, but rather, the testimony of the claimant alone can be sufficient to satisfy his burden of establishing that his disability continues.").

As outlined above, in this case, the WCJ found as fact: "Claimant testified that since his February 2010 work injury he would not be able to return to his pre-injury position as a TV technician because it required carrying/lifting and use of a ladder. Claimant also testified that he cannot walk long distance[s]." RR at 128a. At the WCJ's February 25, 2019 hearing, Claimant testified as follows, in relevant part:

> Q. At any time since you had this injury in February of 2010, would you be able to go back and do your original job as a TV technician?
>
> A. No.
>
> Q. Why not? Tell the [WCJ].
>
> A. Because it require[s] lifting. It require[s] me to go on a ladder.
> It would - require me to have weight - to carry weights around, so none of those things I can't do any longer.
>
> Q. Tell us - if we can separate out - tell us about the back and how that limits you in what way?
>
> A. Well, I cannot carry weight because it require[s] strain on my back. And I cannot carry a lot of - as I said before, I cannot walk long distance[s].
> I cannot stand up for a long distan[ce] [sic] and my foot then, the back start[s] to hurt and everything. So I

have to keep moving like shifting around because it's just a constant pain in the back.

Q.      And how about the ankle/foot injury?

A.      The ankle I cannot put [any] weight on it as much []either and I cannot walk long distance[s] any[more].

*Id.* at 16a-17a.    In addition, the WCJ found that "Dr. Bednarz's [deposition] testimony supports Claimant's Reinstatement Petition as Dr. Bednarz testified that Claimant continued to have a partial impairment f[rom] his work injury and [that he] is in need of restrictions," and that "[a]s it relates to the issues before this [WCJ], this [WCJ] finds Dr. Bednarz credible that Claimant continues to need restrictions for his work injury and had a partial impairment referable to Claimant's lumbar spine *Id.* at 129a.[6]

In affirming the WCJ's decision, the Board explained:

The WCJ accepted Claimant's testimony that he continues to be disabled from his work-related back and foot injuries.  He also noted that Dr. Bednarz agreed that Claimant continues to have an impairment from his back condition.  Credibility determinations are for the fact-finder.  We therefore reject [Employer's] assertion that

---

[6] In pertinent part, Dr. Bednarz testified regarding Claimant's acknowledged low back work-related injury as follows:

I felt that the lumbar injury, he had not reached goal recovery, but had reached maximum medical improvement.  The injury including fractures resulted in stenosis, for which standard treatment would include pain management, including injections and physician follow up.  It was [a] non-surgical issue but I felt that the treatments that were provided were reasonable.  And based on the functional capacity evaluation, I felt that he would be capable of returning to light work.

RR at 91a.

8

Claimant could not meet his burden on the Reinstatement Petition because he did not present medical testimony.

RR at 138a (citation and footnote omitted). We discern no Board error in this regard.

In this case, Employer accepted, pursuant to an NCP, that Claimant suffered compensable work-related injuries to his "left foot, low back, [and] ribs fracture." *See* RR at 128a. Claimant clearly testified that these accepted injuries prevented him from performing the duties of his pre-injury position with Employer. *See id.* at 16a-17a. The WCJ found Claimant's testimony to be credible. *See id.* at 129a. The WCJ also found Dr. Bednarz's deposition testimony to be credible to the extent that it corroborated Claimant's testimony that his recognized work-related injuries continue. *See id.* ("Claimant's testimony that he is unable to perform his TV technician job is consistent with Dr. Bednarz's testimony."); *see also Pieper*, 584 A.2d at 305 ("In such suspension situations, the causal connection between the original work-related injury and the disability which gave rise to compensation is **presumed**.") (emphasis in original).[7] As a result, the WCJ did not err in granting

---

[7] Employer's reliance on Dr. Bednarz's testimony regarding Claimant's retained earning power is misplaced in these reinstatement proceedings involving the suspension of his WC benefits based on his degree of impairment from an unconstitutional IRE. As this Court has stated:

> In *Diehl* [*v. Workers' Compensation Appeal Board (I.A. Construction)*, 5 A.3d 230 (Pa. 2010)], the issue was whether the employer was required to present evidence of earning power as well as an IRE in order to seek reduction of a claimant's disability status from total to partial disability. The [Supreme] Court held [that] such evidence was not required. [*Id.*] at 246. This Court concludes that the same analysis applied by the *Diehl* Court likewise leads to the conclusion that [the e]mployer could not rebut [the c]laimant's impairment rating under Section 306(a.3) by offering evidence of [the c]laimant's earning power. *See Whitfield*, 188 A.3d at 613 (addition of the IRE process to the [Act] "provided another method of changing a claimant's disability status from total to partial disability . . ., without regard to any change in a claimant's earning

**(Footnote continued on next page…)**

Claimant's Reinstatement Petition and directing that he receive total disability benefits effective as of the date that he filed the Reinstatement Petition. *Whitfield*, 188 A.3d at 616-17.

## III.

Employer next claims that the Board erred in affirming the WCJ's decision because the WCJ erred in failing to award a credit under Section 306(a.3) of the Act[8] for the partial disability payments already made to Claimant against any

---

power") (emphasis omitted). Therefore, the WCJ properly declined such evidence.

*County of Allegheny v. Workers' Compensation Appeal Board (Butkus)*, 253 A.3d 1232, 1239 (Pa. Cmwlth. 2021); *see also Barrett v. Workers' Compensation Appeal Board (Sunoco, Inc.)*, 987 A.2d 1280, 1289 (Pa. Cmwlth. 2010), *rev'd on other grounds*, *Crocker v. Workers' Compensation Appeal Board (Georgia Pacific LLC)*, 225 A.3d 1201, 1210-12 (Pa. Cmwlth. 2020) ("[T]he determination of impairment and the determination of disability are separate and unrelated. The purpose of the [independent medical examination] is to determine whether a claimant can do his pre-injury job, and the purpose of the IRE is to determine the extent of permanent impairment, which impairment may, or may not, affect the claimant's ability to work."). Likewise, in the instant matter, the WCJ did not err in granting Claimant's Reinstatement Petition on the basis of Dr. Bednarz's deposition testimony that Claimant retained a measure of his earning power because his benefits were suspended herein based solely upon the unconstitutional 2012 IRE.

[8] Section 3(1) and (2) of Act 111 provides:

(1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under [S]ection 306(a.3)(1) of the [A]ct, an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph. This [S]ection shall not be construed to alter the requirements of [S]ection 306(a.3) of the [A]ct.

**(Footnote continued on next page…)**

future liability. However, as outlined above, the modification of Claimant's benefits occurred herein pursuant to the unconstitutional 2012 IRE and prior to Section 306(a.3)'s enactment as part of Act 111 in 2018. As a result, Employer may seek to modify Claimant's benefits under a new IRE performed under Section 306(a.3) and to receive a subsequent credit in accordance with Act 111. Indeed, as this Court has previously explained:

> In summary, under Act 111, [the e]mployer would receive credit for the 104 weeks of total disability it previously paid [to the c]laimant before [the e]mployer issued its notice on June 13, 2013, changing [the c]laimant's disability status to partial under the now invalidated Section 306(a.2)[9] based on the May 22, 2013 IRE. Because [the c]laimant already received 104 weeks of total disability benefits, under Section 306(a.3)(1), [the e]mployer may seek a new IRE. Should [the e]mployer choose to obtain a new IRE that utilizes the Sixth Edition of the Guides and yields an impairment rating of less than 35%, [the e]mployer could then change [the c]laimant's disability status back to partial by following the process set forth in Section 306(a.3). If [the c]laimant disputes the change, he could appeal the change in status pursuant to Section 306(a.3)(4). Assuming the change in status is either not appealed or upheld on appeal, [the e]mployer would be entitled to credit for the weeks of partial disability benefits paid between May 22, 2013, when [the e]mployer obtained the first IRE and changed [the c]laimant's benefits to partial disability, and September 8, 2017, when [the c]laimant filed his [reinstatement

---

(2) For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [A]ct, an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph.

77 P.S. §511.3 Note.

[9] Added by Act of June 24, 1996, P.L. 350, repealed by Act 111.

11

p]etition. [The e]mployer would be liable for 500 weeks of partial disability compensation less the number of weeks of partial disability it previously paid, as set forth above.

This result is consistent with the plain language of Act 111, as well as this Court's *en banc* decision in *Whitfield*. This approach also gives effect to the Supreme Court's decision in *Protz II*. While it is true that Section 306(a.3) essentially reenacted the IRE provisions, importantly, Section 306(a.3) **did not take effect** until it was enacted on October 24, 2018. Therefore, until that time, [an e]mployer could not utilize an IRE to change [a c]laimant's disability status, even if the IRE otherwise complied with the later enacted requirements of Section 306(a.3)(1) because no law permitted [the e]mployer to utilize an IRE process until Act 111 was enacted. There is no provision in Act 111 which specifically or implicitly provides for an IRE performed **prior** to Section 306(a.3)'s enactment to be validated afterward. Arguably, this would undermine the invalidation of IREs by the Supreme Court in *Protz II*, whereas the approach set forth herein gives effect to the statutory language while upholding the legislative balance of claimants' and employers'/insurers' interests in light of *Protz II* and Act 111.

*Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551, 563-64 (Pa. Cmwlth. 2020) (footnotes omitted and emphasis in original). As a result, Employer is not entitled to a credit under Section 306(a.3) for payments made under an unconstitutional IRE that was conducted six years prior to its enactment, and the Board did not err in affirming the WCJ's decision in this regard. Rather, Employer may vindicate its right to a credit in a subsequent, new IRE proceeding under Section 306(a.3) of the Act.

12

Finally, Claimant argues that the Board erred in affirming the WCJ's decision because his total disability benefits should be reinstated as of the date of the unconstitutional 2012 IRE, and not the date on which he filed the Reinstatement Petition. Unsurprisingly, Employer argues that neither the Board nor the WCJ erred in this regard. However, this Court has repeatedly reaffirmed that a claimant's reinstatement of total disability benefits is effective as of the date that the post-*Protz II* reinstatement petition was filed, and not as of the date of the modification based on a now-unconstitutional IRE if no direct appeal of that IRE was pending at the time that *Protz II* was issued. Indeed, as this Court has observed:

> In the present matter, [the c]laimant was not litigating the underlying IRE when *Protz II* . . . was issued. [The c]laimant's modification from total to partial disability was effective in 2013 and had not been appealed. Accordingly, [the c]laimant here is entitled to reinstatement as of the date of her reinstatement petition, not the effective date of the change in her disability status from total to partial.

*White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225, 1231 (Pa. Cmwlth. 2020). As a result, the Board did not err in affirming the WCJ's decision reinstating Claimant's total disability benefits as of the date that the Reinstatement Petition was filed.

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Halsted Communications, LTD, :
                                :
                    Petitioner  :
                                :
         v.                     : No. 510 C.D. 2020
                                :
                                :
Workers' Compensation Appeal Board :
(Miller),                       :
                                :
                    Respondent  :


Mark A. Miller,                 :
                                :
                    Petitioner  :
                                :
         v.                     : No. 512 C.D. 2020
                                :
                                :
Workers' Compensation Appeal Board :
(Halsted Communications, LTD),  :
                                :
                    Respondent  :

# **O R D E R**


AND NOW, this 16<u>th</u> day of <u>August</u>, 2022, the order of the Workers' Compensation Appeal Board dated April 30, 2020, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge