635 A.2d 687

**Patrick C. FOYLE, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (LIQUID CARBONIC I/M CORP.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 2, 1993.

Decided Dec. 16, 1993.

Robert A. Davitch, for petitioner.

Brian L. Calistri, for respondent.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

Patrick C. Foyle (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (WCAB) affirming a referee's [1] decision and order which granted Liquid Carbonic I/M Corporation (Employer) a termination of benefits and concluded that Employer was not obligated to pay Claimant's bills for treatment rendered by Claimant's mental health counselor. We reverse in part and affirm in part.

On September 11, 1985 [2] while working for Employer as an assistant plant manager, Claimant was beaten by an unknown

1. Referees are now called Worker's Compensation Judges under the new amendments to the Worker's Compensation Act effective August 31, 1993. Because this case was before the referee prior to the effective date of the amendments, however, we will refer to him as Referee and not as Worker's Compensation Judge.

2. The referee's Finding of Fact No. 1 states that Claimant's injury took place on September 1 as opposed to September 11. Our review of the

person, sustaining a number of injuries. Pursuant to a notice of compensation payable recognizing that Claimant had suffered "multiple contusions of head, face, eyes & elbow," Claimant began receiving weekly wage loss benefits effective September 12, 1985. In February 1986, while Claimant was still disabled and receiving weekly wage loss benefits from Employer, Employer advised him that his pre-injury job had been eliminated and he was being laid off.

On June 10, 1986, Employer filed a form entitled "petition for termination, suspension, or modification of compensation," specifically designating the petition as one for suspension by placing an "x" in the appropriate box. (R.R. at 2a.) The petition alleged:

> Claimant was released to return to work by his treating physician, Richard Wallace, M.D., effective 4/3/86. Dr. Wallace restricted claimant from heavy lifting and unusual hours, and claimant's job with Liquid Carbonic involves neither counterintricated [sic] activities [sic]. Defendant, accordingly, requests a suspension of benefits, effective 4/3/86.

Employer's petition also requested a supersedeas, which the referee granted as of September 24, 1986. Thereafter, the parties proceeded to litigate the merits of the suspension petition.

In September 1988, Claimant filed a petition to review medical expenses alleging that Employer had failed to pay some or all of Claimant's medical costs, including psychotherapy rendered by Daniel B. Estes, Ed.D.. The referee consolidated the proceedings on Claimant's petition to review medical expenses with those on Employer's suspension petition. The referee held a series of hearings, at which Claimant testified and the deposition testimony of a number of medical witnesses was admitted.

After the record in this matter had been closed, Employer filed a memorandum which, for the first time in these proceed-

record indicates that this was probably a typographical error. This discrepancy of dates does not affect the outcome of this case.

538

ings, requested that Claimant's benefits be *terminated* rather than suspended. Employer argued in its memorandum that although it had previously only petitioned for suspension, the evidence presented supported a termination of benefits.

The referee granted Employer a termination of benefits as of June 15, 1987. The referee also granted Claimant's petition to review medical expenses as to his reasonable and necessary medical expenses from April 3, 1986 until June 15, 1987. In Conclusion of Law No. 2, however, the referee stated that Dr. Estes was not a duly licensed practitioner of the healing arts, medicines and supplies as defined in § 306(f)(1) of the Act, 77 P.S. § 531 and that Employer was not obligated to pay the bills for Dr. Estes' treatment of Claimant. The WCAB affirmed the referee's order.

On appeal to this court,[3] Claimant contends that the referee erred in terminating Claimant's benefits because Employer never requested a termination until after the record was closed. Employer responds that Claimant failed to preserve this issue for appeal. Specifically, Employer argues that Claimant waived this issue by not discussing it in his brief to the referee, in his appeal documents to the WCAB, or in his brief to the WCAB. We find Employer's arguments in this regard to be without merit.

Throughout these proceedings, Claimant has taken proper steps to preserve this issue for appeal. Claimant stated twice in his brief to the referee that the only petition before the referee was a suspension petition, not a termination petition. (R.R. at 50b, 57b.) On his form entitled "appeal from referee's findings of fact," Claimant alleged that the referee's Finding of Fact No. 2, which stated that Employer had filed a petition for suspension *or* termination, was unsupported by substantial evidence.[4] Moreover, on his form entitled "appeal

3. Our scope of review is to determine whether the findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. Finding of Fact No. 2 states:

from referee alleging error of law," Claimant alleged that the referee "erred as a matter of law in failing to find that [Employer's] layoff of [Claimant] and [Employer's] failure to produce evidence of work availability required that [Employer's] petition be denied." Since an employer must demonstrate work availability in order to prevail only in a suspension petition and bears no such burden in a termination proceeding, this was another way of saying that the petition should have been treated as a suspension petition rather than a termination petition. Having properly raised the issue in his appeal documents to the WCAB, Claimant proceeded to argue the issue in his brief to the WCAB. (R.R. at 116b, 119b, 130b, 131b.)

Employer also suggests that Claimant waived this issue because substantial portions of his briefs to the referee and WCAB argue that termination was unwarranted because Claimant was not fully-recovered from his work injury. However, the concept of arguing in the alternative is deeply-ingrained in our legal system. This court will not equate the presentation of inconsistent arguments with waiver.

Having concluded that Claimant preserved the issue for appeal, we now proceed to the merits of Claimant's argument that the referee inappropriately treated Employer's petition as a termination petition. We begin by noting that Employer's burden of proof is different in a termination proceeding than it is in a suspension proceeding. Suspension is warranted if the employer shows there is a job available to the claimant at earnings equal to the claimant's pre-injury earnings and which the claimant is capable of performing despite a continuing medical disability. *Zimcosky v. Workmen's Compensation Appeal Board (United States Steel Corp.)*, 118 Pa.Commonwealth Ct. 209, 544 A.2d 1106 (1988). In a termination proceeding, on the other hand, the employer must prove that the claimant's work-related disability has

On June 10, 1986, Defendant filed a Petition for Suspension or Termination of Claimant's benefits as of April 8, 1986. A full supersedeas was granted by the Referee based on the evidence submitted by the defendant.

*entirely ceased, Rogers Motor Lines v. WCAB (Baker),* 144 Pa.Commonwealth Ct. 493, 601 A.2d 934, (1992), but need not show availability of work, *Laird v. Workmen's Compensation Appeal Board (Michael Curran and Associates),* 137 Pa.Commonwealth Ct. 206, 585 A.2d 602 (1991).

Employer's petition sought only suspension, not termination.[5] Employer put an "x" only by the word "suspension." There was no "x" next to the word "termination." Indeed, given that an employer must show that the claimant is fully recovered in order to obtain a termination, it would have been inappropriate for Employer to have sought termination when it filed its petition. This petition alleged that Claimant could not perform heavy lifting or work unusual hours, thereby acknowledging that Claimant was not fully recovered from his work injury.

Claimant relies on *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services),* 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990) and *Coover v. Workmen's Compensation Appeal Board (Browning–Ferris Industries),* 140 Pa.Commonwealth Ct. 16, 591 A.2d 347 (1991) in support of his position that the referee should not have treated Employer's petition as one for termination. In *Boehm,* this court held that a referee may not *sua sponte* grant a termination where the employer requested only a modification. There, we noted that "to allow the referee to look behind the pleadings and grant an unsolicited termination after the hearing is concluded circumvents the policy underlying The Pennsylvania Workmen's Compensation Act.... Moreover, the referee is empowered to grant only such relief as the employer actually requests." *Id.* 133 Pa.Commonwealth Ct. at 460, 576 A.2d at 1165. Similarly, in *Coover,* this court held that where the employer had only petitioned for suspension or modification, the referee could not *sua sponte* grant termination.

Employer attempts to distinguish this case from *Boehm* and *Coover* on grounds that the referee here did not grant the

---

5. Employer did not seek to amend its original petition until after the record was closed.

termination *sua sponte*, but rather Employer requested the termination. We are cognizant of this difference between the case before us and *Boehm* and *Coover*; nonetheless, we conclude that the granting of a termination here was legal error because Employer did not make the request until after the record was closed. The underlying rationale for not allowing the referee to grant relief which employer has not requested is that doing so is prejudicial to the claimant, who, never having been put on notice that the employer seeks such relief, has no opportunity to defend against it. The same rationale applies here, where Employer requested termination but not until after the record was closed. Once the record has been closed, it is too late for the claimant to present a defense against termination.[6]

In its decision affirming the referee, the WCAB relied on a footnote in *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines)*, 142 Pa.Commonwealth Ct. 176, 597 A.2d 182 (1991), *reversed on other grounds*, 534 Pa. 327, 632 A.2d 1302 (1993). In *Hebden*, the referee granted a termination although employer only requested modification. This court, in dicta, noted that termination could be granted based upon a petition for modification if the claimant was clearly on notice during the proceedings that the employer sought termination. Unlike this case, the employer's petition in *Hebden* specifically alleged that "claimant's disability has changed and he is no longer disabled from occupational pulmonary disease." *Id.* Based on this fact, *Hebden* suggests that the referee properly treated the employer's petition as a termination petition because the claimant had notice that the employer sought termination. Here, on the other hand, no such notice existed. Employer's suspension petition makes no allegation that Claimant was fully recovered from his work injury. Contrary to the WCAB's opinion which suggests

---

**6.** Using similar reasoning, we have held that employers are prejudiced where claimant does not request attorney fees under § 440 of the Act, 77 P.S. § 996, until after the record has been closed. *Mediq, Inc. v. Workmen's Compensation Appeal Board (Maryanne Steskal)*, 159 Pa.Commonwealth Ct. 1, 633 A.2d 651 (1993).

otherwise, there is nothing on the record which indicates Claimant was on notice that Employer sought termination.

Having concluded that the referee erred in treating Employer's petition as a termination petition, we need not address Claimant's second argument that Employer failed to meet its burden of proving that Claimant fully recovered from his work-related injuries.

Claimant next argues 'that Employer is not entitled to a suspension because it presented no evidence of work availability. We agree. An employer who seeks to suspend benefits has the burden of proving work availability. *Zimcosky.* Where employer produces no evidence of work availability, employer has failed to meet this burden. *Id.* The referee specifically found that Claimant's pre-injury employment duties were not available to him as of April 3, 1986, the date as of which Employer sought suspension. Finding of Fact No. 5. Employer presented absolutely no evidence of work availability of any other job. Thus, as a matter of law, Employer did not sustain its burden of proving entitlement to a suspension. .

Claimant's final argument is that the referee erred in concluding that Dr. Daniel Estes was not a duly licensed practitioner of the healing arts within the meaning of § 306(f)(1) of the Act, 77 P.S. 531. Here, we must disagree with Claimant.

Section 306(f)(1) provides that the employer "shall provide payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed. . . ." In order for psychotherapy to be compensable under § 306(f), it must be performed by a duly licensed practitioner of the healing arts or under the supervision of such a person. *Morwald v. Workmen's Compensation Appeal Board (Engineering & Refrigeration, Inc.),* 143 Pa.Commonwealth Ct. 511, 599 A.2d 307 (1991). Although Dr. Estes is highly-educated, holding a doctorate of education, he has no license to practice any of the

healing arts in this Commonwealth.[7] Nor does the record indicate that Dr. Estes's work was performed under the supervision of such a person.

Dr. Estes testified that his partner, Dr. Mary Cochran, is a licensed clinical psychologist in the Commonwealth of Pennsylvania and that the two of them "have at least once-weekly supervision of one another's case loads." (R.R. at 458a.) Although Dr. Estes used the word "supervision" in his testimony, the fact that he and Dr. Cochran are partners and review *each other's* cases indicates that she is not in any way his superior. Accordingly, we must conclude that Dr. Estes' services are not compensable under the Act.

For the above reasons, we affirm the WCAB insofar as it denies Claimant's expenses for psychotherapy services performed by Dr. Estes and reverse insofar as it grants Employer a termination.

## ORDER

AND NOW, this 16th day of December, 1993, the order dated October 20, 1992 is reversed insofar as it grants termination and is affirmed insofar as it denies Claimant's expenses for psychotherapy services performed by Daniel B. Estes, Ed.D.

---

7. In making this observation, we are not saying that Dr. Estes' practice as a psychotherapist is unpermitted by the Commonwealth. To the contrary, this Commonwealth has no licensing program for psychotherapists. We are only saying that Dr. Estes's services are not compensable under the Act.