**Wayne TAYLOR, Petitioner**

**v.**

**WORKERS' COMPENSATION AP-PEAL BOARD (BETHLEHEM AREA SCHOOL DISTRICT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 2, 2005.

Decided May 2, 2006.

Thomas D. Aristide, Bethlehem, for petitioner.

Barbara L. Hollenbach, Allentown, for respondent.

BEFORE: SMITH–RIBNER, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

---

**52**

OPINION BY Judge COHN JUBELIRER.

Wayne Taylor (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of a Workers' Compensation Judge (WCJ) to dismiss Claimant's Review Petition. In this petition, Claimant sought reimbursement of expenses from the Bethlehem Area School District (Employer), pursuant to Section 306(f.1)(1) of the Workers' Compensation Act (Act),[1] for payment of a vocational expert. We affirm.

The facts of this case, as set forth in the WCJ's findings of fact, are not in controversy. Claimant sustained a work-related injury on August 14, 1996, while working at Employer's location. (WCJ 1/31/2005 Decision, Finding of Fact (FOF) ¶ 1.) The nature of this injury included a cervical epidural hematoma subsequently resulting in partial paralysis with bowel and bladder dysfunction. (FOF ¶ 1.) Claimant's overall weakness, altered gait, bowel and urinary dysfunction and joint pain contribute to his near-constant dependence upon a wheelchair for mobility. (FOF ¶ 3.) He also developed bowel and bladder incontinence which requires him to self-catheterize several times a day. (FOF ¶ 3.) In addition to physical paralysis, Employer stipulated to Claimant's condition of chronic adjustment disorder with mixed features of depression and anxiety. (FOF ¶ 2.)

Robert Mauthe, M.D., Claimant's attending physician, presented testimony before the WCJ. (FOF ¶ 3.) Dr. Mauthe recounted the events surrounding Claimant's treatment and rehabilitation, as well as several attempts to return Claimant to work. (FOF ¶ 3.) In early 2000, Dr. Mauthe recalled being contacted by Employer's representative to review potential job openings available to Claimant. (FOF ¶ 3.) On direct examination, Dr. Mauthe testified that the services of a vocational expert would greatly aide Claimant's assimilation back into the work environment. (FOF ¶ 3.) He specifically testified "that the ongoing expertise of a vocational expert is continuously needed for Mr. Taylor's special needs." (FOF ¶ 3.)

After Employer's offer to return to work, Claimant employed Mr. Daniel Rappucci (Rappucci) to serve as his vocational expert. (FOF ¶ 4.) Rappucci reviewed Employer's job offer and advised Claimant about potential issues that could arise in Claimant's return to work, but he did not inspect Employer's worksite, conduct a site test or offer services beyond an initial interview with Claimant. (FOF ¶ 4.) Dr. Mauthe testified that he wrote a prescription for a vocational expert several weeks after Claimant privately hired Rappucci, merely to aide Claimant's reimbursement efforts. (FOF ¶ 3.) Throughout Employer's attempt to return Claimant to gainful employment, an Office of Vocational Rehabilitation counselor was assigned to Claimant. (FOF ¶ 4.)

Rappucci is not licensed to provide any type of health care services, medical services, or surgical services in Pennsylvania. (FOF ¶ 4.) Rappucci testified that neither he nor his employer is a physician, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist. (FOF ¶ 4.) Both the WCJ and Board concluded that Rappucci's lack of professional licensure in the Commonwealth of Pennsylvania prevents Claimant from recovering reimbursed costs from Employer.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(1).

Claimant petitions our Court for review of the Board's decision.[2]

The only issue on appeal is whether the Board correctly held that the vocational services performed by Rappucci for Claimant are not reimbursable under the Act. Specifically, Claimant contends that he is entitled to reimbursement for these vocational services because: (1) a licensed medical professional ultimately wrote a prescription authorizing such services, and (2) the policy goals of the Act provide reasonable grounds for reimbursing services incidental to a Claimant's medical treatment.

Section 306(f.1)(1) of the Act, which includes provisions for employer payment of medical and health care related services, provides in relevant part:

(1)(i) The employer shall provide payment in accordance with this section for reasonable surgical and medical services, services rendered by physicians *or other health care providers*, including an additional opinion when invasive surgery may be necessary, medicines and supplies, as and when needed. . . .

(ii) *In addition to the above services*, the employer shall provide payment for medicines and supplies, hospital treatment, *services* and supplies and orthopedic appliances, and prostheses *in accordance with this section* . . . .

77 P.S. § 531(1)(i)(ii) (emphasis added). Pursuant to Section 109 of the Act,[3] a "health care provider" is defined as:

[A]ny person, corporation, facility or institution licensed or otherwise authorized by the Commonwealth to provide health care services, including, but not limited to, any physicians, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist and an officer, employee or agent of such person acting in the course and scope of employment or agency related to health care services.

 Claimant first argues that the Board committed an error of law when determining that the services of a vocational expert are not reimbursable under the Act where a licensed medical professional ultimately wrote a prescription authorizing such services.

Pursuant to Section 306(f.1)(1) of the Act, "medical services" are reimbursable, as are services provided by a "health care provider." The Board appropriately held that Rappucci is not a health care provider under Section 306(f.1)(1)(i) of the Act. And, although Rappucci characterizes his services as "counseling," he is *not a licensed medical practitioner* in the Commonwealth.

In order to be reimbursable under Section 306(f.1)(1) of the Act, "medical services" must be rendered by a duly licensed medical practitioner, even if there is no licensing program for that medical specialty. For example, even though the Commonwealth has no licensing program for psychotherapy, such practice is considered "medical services" and reimbursable under the Act when administered by a duly licensed practitioner or under the supervision of such a person. *Foyle v. Work-*

---

**2.** This Court's standard of review is limited to determining whether there has been an error of law, a violation of constitutional rights, or whether necessary findings of fact are supported by substantial evidence. *Bailey v. Workers' Comp. Appeal Bd. (U.S. Airways)*, 865 A.2d 319, 322 n. 2 (Pa.Cmwlth.2005).

**3.** Section 109 of the Act was added by Section 3 of the Act of July 2, 1993, P.L. 190, *as amended*, 77 P.S. § 29.

*men's Comp. Appeal Bd. (Liquid Carbonic I/M Corp.)*, 160 Pa.Cmwlth.534, 635 A.2d 687, 691 (1993) (finding psychotherapy services rendered by a doctor of education, an *unlicensed* professional, not reimbursable); *see also Morwald v. Workmen's Comp. Appeal Bd. (Eng'g & Refrigeration, Inc.)*, 143 Pa.Cmwlth.511, 599 A.2d 307, 308–09 (1991) (reasoning that psychotherapy is reimbursable as a medical service because *licensed* psychologists or psychiatrists generally conduct psychotherapy). In this case, although Dr. Mauthe is a licensed practitioner, he did not supervise Rappucci.

Dr. Mauthe's prescription for Rappucci's services, alone, does not bring Rappucci's services within the definition of a medical service. Rappucci reviewed Employer's job offer and advised Claimant about potential issues that could arise when he returned to work. However, Rappucci is not licensed or otherwise authorized to provide health care services in the Commonwealth, and so his services are not reimbursable under the Act. This is similar to the psychotherapeutic services of the doctor of education in *Foyle*, which were not reimbursable because he was not a duly licensed medical practitioner.

Furthermore, Rappucci does not fall within the broader definition of "health care provider." There are numerous examples of health care providers found in Section 109 of the Act; however, the first sentence of the definition of "health care provider" imposes the requirement that the health care provider must be "licensed or otherwise authorized by the Commonwealth to provide health care services." Because there is no evidence that Rappucci or his employer were licensed or otherwise authorized to provide health care services in this Commonwealth, Rappucci's services are not reimbursable as services rendered by a "health care provider" under the Act.

Next, Claimant argues that the policy goals of the Act provide reasonable grounds for reimbursing Rappucci's services as incidental to Claimant's medical treatment under Section 306(f.1)(1)(ii) of the Act. Claimant points to case law that provides, "expenses, even if not an actual part of the treatment, are compensable if they are incidental to the treatment." *Tobias v. Workmen's Comp. Appeal Bd. (Nature's Way Nursery, Inc.)*, 141 Pa.Cmwlth. 438, 595 A.2d 781, 786 (1991) (explaining that a claimant can receive reimbursement for medical services whether or not loss of earning power occurs). Claimant notes that, in *Tobias*, our Court held that a quadriplegic claimant can recover costs for artificial insemination services. However, the issue in *Tobias* was whether the medical procedure was causally related to the injury or a reasonable and necessary treatment, rather than the present issue of whether the services are reimbursable as services incidental to medical services. There was no question that the medical procedure was a medical service performed by licensed health care professionals.

Finally, Claimant argues that "services" incidental to medical services may include non-medical services. Claimant correctly notes that our Court previously allowed reimbursement for non-medical services, including remodeling of a home and modification of an automobile. *Rieger v. Workmen's Comp. Appeal Bd. (Barnes & Tucker Co.)*, 104 Pa.Cmwlth.42, 521 A.2d 84 (1987) (explaining that home and automobile modifications fall within the definition of "orthopedic appliances," as both services aided claimant's mobility). Claimant contends that *Rieger* stands for the broad proposition that all services incidental to medical services are reimbursable under

the Act. However, services incidental to medical services are reimbursable only when they fall within a specific subcategory of Section 306(f.1)(1)(ii), such as our Court's classification of home and automobile modifications as "orthopedic appliances" in *Rieger.*

Ever mindful of the humanitarian objectives of the Act, and the particularly sensitive circumstances of this case, Claimant's reimbursement, nonetheless, does not find support under the Act. Rappucci is neither a health care provider, nor a provider of services incidental to medical treatment. As the WCJ explained:

> There appeared to be two reasons why the claimant secured the services of Mr. Rappucci. One was to have him serve as a liaison between the claimant and the defendant. This purpose could have easily been achieved by claimant's counsel. The second purpose was to right the supposed wrong committed by the defendant's vocational experts. Neither of these reasons have anything to do with the medical management of claimant's case.... The claimant need not have incurred any expenses for vocational rehabilitation assistance since, as he ultimately learned, such services are available free of cost through the Office of Vocational Rehabilitation.

(WCJ, 1/31/2005 Decision at 8.) The WCJ was correct.

Accordingly, the order of the Board is affirmed.

### ORDER

NOW, May 2, 2006, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.