**Blaine BOLERATZ, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (AIRGAS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 20, 2007.

Decided Aug. 24, 2007.

Reargument Denied Oct. 18, 2007.

Lawrence R. Chaban, Pittsburgh, for petitioner.

Bridget L. Smith, Pittsburgh, for respondent.

BEFORE: SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Blaine Boleratz (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) holding that Airgas, Inc. (Employer) was not responsible for paying bills from a massage therapist. In doing so, the Board reversed the decision of the Workers' Compensation Judge (WCJ) to grant Claimant's review petition. In this appeal, we must determine whether an employer is responsible for paying bills for prescribed treatment rendered by an individual who is not a licensed health care provider. Concluding that an employer is not responsible for paying such bills, we affirm the Board.

The facts of this case are undisputed. Claimant sustained a work-related injury on March 24, 2000. Employer issued a Notice of Compensation Payable describing the injury as a low back strain. Reproduced Record at 21a (R.R. ——). Claimant's disability benefits were suspended effective June 4, 2001, pursuant to a WCJ's decision and order, and currently remain suspended. In January 2005, Claimant filed a review petition alleging that Employer failed to pay for treatment ordered by his treating physician.

Claimant testified on his own behalf at a hearing before the WCJ. He has seen numerous doctors since sustaining his work-related low back injury, including a chiropractor and a neurosurgeon. Claimant felt that the chiropractic treatments were not helping him, so he asked his primary care physician, Bernard Proy, M.D., about the possibility of starting a therapeutic massage program. Claimant mentioned that he knew Marilyn Bell, a massage therapist, and Dr. Proy wrote a prescription for treatment with Ms. Bell. Dr. Proy would write Claimant a prescription for a certain number of treatments

with Ms. Bell, and then Claimant would go back to see Dr. Proy and receive another prescription for massage therapy. Claimant explained that because of his treatments with Ms. Bell, he has less pain and has become more functional, making it easier to do his job.

Claimant introduced into evidence Dr. Proy's referral/prescription slips, prescribing treatment with Marilyn Bell in the form of "therapeutic exercise (R.O.M.)," "massage therapy," and "manual therapy techniques (neuromuscular therapy)." R.R. 10a, 14a, 17a. The prescriptions are dated May 6, 2004, June 28, 2004, and October 4, 2004. *Id.* In addition, Claimant submitted records from Marilyn Bell showing that she provided massage therapy on numerous occasions from May 18, 2004, to December 29, 2004.

Employer stipulated at hearing that the treatment is causally related to Claimant's work injury. However, Employer asserted that it is not responsible for paying bills from Ms. Bell because she is not a health care provider as defined in the Workers' Compensation Act (Act).[1] Employer also pointed out that it attempted to obtain a utilization review of the reasonableness and necessity of Ms. Bell's treatment and was unable to do so. The Utilization Review Organization returned the request to Employer explaining that utilization review applies only to health care providers, which does not include massage therapists.

Employer submitted into evidence the utilization review sheet for Ms. Bell's treatment which states that "[a] review could not be performed because the requestor did not file the request in accordance with the Workers' Compensation Act, section 109, definition of 'health care provider' (77 P.S. § 29)." R.R. 19a. The accompanying file activity form indicates that Ms. Bell is nationally certified, but is not licensed by the Commonwealth of Pennsylvania.

The WCJ accepted Claimant's testimony as credible.[2] The WCJ found that Marilyn Bell is not a health care provider as defined by the Act, a matter that, in the WCJ's view, was the fault of the Commonwealth in failing to establish a program for licensing massage therapists. Dr. Proy, who is a health care provider, wrote prescriptions for Claimant to obtain treatment with Ms. Bell. This led the WCJ to conclude Employer must pay the bills for Ms. Bell's services.

The WCJ also concluded that Employer was incorrect in its argument that Ms. Bell's treatment would not be subject to utilization review. The WCJ determined that because the massage therapy was provided upon referral from Dr. Proy, Employer could seek utilization review of the prescription for massage therapy by listing Dr. Proy as the health care provider whose services were to be reviewed.

Employer appealed, and the Board reversed. It concluded that medical services must be rendered by a duly licensed medical practitioner in order to be reimbursable under the Act. The Board also noted that Ms. Bell was not performing her services under Dr. Proy's supervision.[3]

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

2. The WCJ has complete authority over questions of credibility, conflicting medical evidence and evidentiary weight. *Sherrod v. Workmen's Compensation Appeal Board (Thoroughgood, Inc.),* 666 A.2d 383, 385 (Pa. Cmwlth.1995).

3. Claimant also appealed the WCJ's conclusion that Employer's contest was reasonable. Based on its determination that Employer was not required to pay Ms. Bell's bills, the Board did not address Claimant's reasonable contest argument. Claimant has not appealed the reasonable contest issue to this Court.

Claimant now petitions for this Court's review.[4]

Claimant presents one issue on appeal, namely that the Board erred in determining that the bills for massage therapy were not payable. Claimant asserts that bills are payable if the treatment in question is provided pursuant to the referral of a health care provider. Claimant argues that excluding treatment provided by a person who is not a health care provider would limit the types of treatment that are available to an injured worker, which is not the intention of the Act.

Employer counters that the Board correctly decided that Ms. Bell's treatment is not compensable because she does not meet the definition of health care provider under the Act. Employer also asserts that it should not be responsible for payment of Ms. Bell's services when these services are not subject to utilization review. Employer further asserts that Dr. Proy's prescription for massage therapy cannot change an unauthorized provider into an authorized provider, and there is no indication in the record that Dr. Proy supervised the massage therapy treatments. We agree with Employer.

Section 306(f.1)(1)(i) of the Act sets forth the type of medical treatment an employer must pay for, and provides in relevant part:

> The employer shall provide payment in accordance with this section for *reasonable surgical and medical services, services rendered by physicians or other health care providers,* including an additional opinion when invasive surgery

may be necessary, medicines and supplies, as and when needed. . . .

77 P.S. § 531(1)(i) (emphasis added). A "health care provider" is defined in Section 109 of the Act [5] as:

> [A]ny *person,* corporation, facility or institution *licensed or otherwise authorized by the Commonwealth to provide health care services,* including, but not limited to, any physician, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist and an officer, employe or agent of such person acting in the course and scope of employment or agency related to health care services.

77 P.S. § 29 (emphasis added).

In this case, it is undisputed that Ms. Bell is not licensed or otherwise authorized by the Commonwealth to provide health care services; she does not qualify as a health care provider. Claimant does not dispute the Board's determination that there is no evidence that Dr. Proy supervised Ms. Bell's treatment. The only issue is whether the fact that Dr. Proy, who is undisputedly a health care provider under the terms of the Act, wrote a prescription for massage therapy thereby renders such treatment payable by Employer.

In *Petrilla v. Workmen's Compensation Appeal Board (People's Natural Gas),* 692 A.2d 623 (Pa.Cmwlth.1997), the claimant's work injury rendered him a paraplegic requiring home nursing care. The claimant's wife received training for home nurs-

---

**4.** This Court's scope and standard of review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *City of Philadelphia v.*

*Workers' Compensation Appeal Board (Brown),* 830 A.2d 649, 653 n. 2 (Pa.Cmwlth.2003).

**5.** Section 109 of the Act was added by Section 3 of the Act of July 2, 1993, P.L. 190 (commonly known as Act 44), *as amended,* 77 P.S. § 29.

ing care, and the claimant subsequently sought reimbursement for the care provided by his wife. In denying the claim for benefits, this Court held that the claimant's wife provided the type of care that family members normally provide for an injured loved one and were not reimbursable.[6] We reasoned as follows:

> Services provided to a claimant by someone who is not a licensed practitioner of the healing arts, to be recoverable under Section 306(f)(1), must be provided under the supervision of a practitioner, or at a minimum, by a referral from the practitioner.[7]

*Id.* at 625 (citing *Morwald v. Workmen's Compensation Appeal Board (Engineering & Refrigeration, Inc.)*, 143 Pa.Cmwlth. 511, 599 A.2d 307 (1991)).[8] Claimant seizes upon the phrase "provided under the supervision of a practitioner *or at a minimum, by a referral from the practitioner.*" *Id.* (emphasis added). Claimant contends that Ms. Bell's treatment is payable because it was provided under a prescription from Dr. Proy, a health care provider.

■ *Taylor v. Workers' Compensation Appeal Board (Bethlehem Area School District)*, 898 A.2d 51 (Pa.Cmwlth.2006), is instructive on this issue. In *Taylor,* we held that a vocational expert's lack of professional licensure by the Commonwealth meant that the employer did not have to pay his bills, despite the fact that the claimant's physician wrote a prescription for vocational expert services. We explained:

> In order to be reimbursable under Section 306(f.1)(1) of the Act, "medical services" must be rendered by a duly licensed medical practitioner, even if there is no licensing program for that medical specialty. For example, even though the Commonwealth has no licensing program for psychotherapy, such practice is considered "medical services" and reimbursable under the Act when administered by a duly licensed practitioner or under the supervision of such a person. *Foyle v. Workmen's Compensation Appeal Board (Liquid Carbonic I/M Corp.)*, 160 Pa.Cmwlth. 534, 635 A.2d 687, 691 (1993) (finding psychotherapy services rendered by a doctor of education, an *unlicensed* professional, not reimbursable); *see also Morwald v. Workmen's Compensation Appeal Board (Eng'g & Refrigeration, Inc.)*, 143 Pa.Cmwlth. 511, 599 A.2d 307, 308–09 (1991) (reasoning that psychotherapy is reimbursable as a medical service because *licensed* psychologists or psychiatrists generally conduct psychotherapy). In this case, although Dr. Mauthe is a licensed practitioner, he did not supervise [the vocational expert].

---

**6.** This holding is consistent with the outcome in *Linko v. Workmen's Compensation Appeal Board (Roadway Express, Inc.)*, 153 Pa. Cmwlth.552, 621 A.2d 1188 (1993), wherein we held that a wife's nursing services were not compensable because the claimant did not pay for the services and they were no different than any husband or wife would provide for an injured spouse. *Id.* at 1192.

**7.** Section 306(f)(1) was renumbered as Section 306(f.1)(1) by Act 44.

**8.** In *Morwald,* this Court determined that the employer was not required to pay for psycho-

therapy provided by a registered nurse without supervision or a referral from a practitioner licensed to prescribe such services. We explained that even though the nurse may have been qualified by virtue of her nursing license to *provide* psychotherapy, psychotherapy was not essential to the nursing regimen and the nurse was not licensed to *prescribe* psychotherapy. Therefore, she could not provide psychotherapy without supervision or referral by a practitioner licensed to prescribe such services. *Morwald,* 599 A.2d at 308–309.

*Id.* at 53–54 (emphasis original). We explained further that a doctor's prescription does not bring services within the definition of medical services. Quite simply, if an individual "is not licensed or otherwise authorized to provide health care services in the Commonwealth, . . . his services are not reimbursable under the Act." *Id.* at 54. In the absence of a license, the provider's services are not reimbursable as services rendered by a health care provider under the Act.

■ Claimant argues that there is a "tension" between *Petrilla* and *Taylor* that must be resolved in this case, *i.e.*, *Petrilla* provides that services are payable if provided, at a minimum, upon a referral by a health care provider, and *Taylor* provides that a prescription is not sufficient to render services payable. We do not agree that there is a tension between the cases. While *Petrilla* does contain the language "or, at a minimum, by a referral from the practitioner," that was not the issue in the case and played no part in the holding that a spouse's nursing care is not reimbursable. On the other hand, *Taylor* specifically addressed the issue of whether a prescription from a medical provider renders the services of an unlicensed individual payable. Consistent with the holding in *Taylor,* we now hold that the services of a massage therapist, who is not licensed or otherwise authorized by the Commonwealth to provide health care services, are

not reimbursable under the Act, even if the services are prescribed by a health care provider. Because Ms. Bell is not licensed and was not supervised, Employer is not required to pay for her treatment.[9]

■ As to Claimant's assertion that the intent of the Act is not to bar claimants from receiving treatment from individuals who are not health care providers, we point out that the plain language of the Act dictates the result in this case. Employers must pay for medical services and services rendered by physicians and health care providers, and pursuant to Section 109 of the Act, 77 P.S. § 29, an individual must be licensed or authorized by the Commonwealth to provide health care services in order to qualify as a health care provider. This does not demonstrate an intent to require employers to be liable for treatment rendered by unlicensed individuals. Should the Commonwealth begin authorizing state licensure of massage therapists, the outcome in future cases, such as this one, may be different. Until such time, employers are not required to pay for such treatment.[10]

For these reasons, the Board's order is affirmed.

### ORDER

AND NOW, this 24th day of August, 2007, the order of the Workers' Compensation Appeal Board dated December 22, 2006 in the above captioned case is hereby AFFIRMED.

9. Claimant attempts to distinguish *Taylor* by arguing that the vocational expert in that case was not providing services incidental to medical treatment, while Ms. Bell clearly did provide such services. However, this attempted distinction ignores the fact that an employer is not required to pay for any treatment rendered by an individual who is not licensed to

provide medical services in Pennsylvania and is not supervised by a health care provider, and Ms. Bell is undisputedly not licensed and was not supervised.

10. Because Ms. Bell's treatment was not payable, we will not address utilization review of the bills which was discussed by both parties.

DISSENTING OPINION BY Judge SMITH–RIBNER.

I disagree with the majority's erroneous determination that medically prescribed massage therapy provided to Blaine Boleratz (Claimant) by a nationally certified massage therapist does not constitute "medical services" compensable under Section 306(f.1)(1)(i) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(1)(i). The massage therapy services were causally related to Claimant's work injury and were provided on referral from his physician and pursuant to the physician's prescriptions. The majority's narrow interpretation of Section 306(f.1)(1)(i) not only directly conflicts with the Court's prior decisions but also contravenes the humanitarian objectives of the Act.[1]

Claimant sustained work-related low back strain while employed by Airgas, Inc. (Employer) as a truck driver. In May of 2004 Bernard Proy, M.D., referred Claimant to massage therapist Marilyn Bell for massage therapy because Claimant was not getting relief from chiropractic treatment. The record shows that Bell received 900 hours of training and that she holds a national certificate for massage therapy. In "Physician's Prescription/Referral/Medical Necessity" forms, Dr. Proy prescribed the following treatment, identified by modalities/procedures numbers, to be provided Claimant by Bell twice a week beginning May 2004: therapeutic exercise (R.O.M.) (97110); massage therapy (97124); and manual therapy techniques (neuromuscular therapy) (97140). Before the Workers' Compensation Judge (WCJ), Employer stipulated that Bell's services

were causally related to Claimant's injury. Claimant testified regarding his condition prior to receiving massage therapy, and he indicated that because of the massage therapy he was able to sleep at night and to continue to work without pain medication. The WCJ specifically found that the massage therapy provided pain relief to Claimant.

Section 306(f.1)(1)(i) of the Act requires that an employer "provide payment . . . for reasonable surgical and *medical services,* services rendered by physicians or other health care providers, . . . medicines and supplies, *as and when needed."* (Emphasis added.). The majority holds that "the services of a massage therapist, who is not licensed or otherwise authorized by the Commonwealth to provide health care services, are not reimbursable under the Act, even if the services are prescribed by a health care provider." Majority op. at 1019. According to the majority, "[i]n the absence of a license, the provider's services are not reimbursable as services rendered by a health care provider under the Act." *Id.*

To support its narrow interpretation, the majority relies upon *Taylor v. Workers' Compensation Appeal Board (Bethlehem Area School District),* 898 A.2d 51, 53 (Pa. Cmwlth.2006), which stated that "[i]n order to be reimbursable under Section 306(f.1)(1) of the Act, 'medical services' must be rendered by *a duly licensed medical practitioner,* even if there is no licensing program for that medical specialty." (Emphasis added.) In *Taylor* the Court ultimately concluded, correctly so, that the services provided by the vocational expert

---

1. It is worth repeating that the Act is remedial in nature and is intended to benefit injured workers and their dependents. *Gallie v. Workers' Compensation Appeal Board (Fichtel & Sachs Indus.),* 580 Pa. 122, 859 A.2d 1286 (2004). Accordingly, the Act must be liberally construed to effectuate such humanitarian objectives. *Hannaberry HVAC v. Workers' Compensation Appeal Board (Snyder, Jr.),* 575 Pa. 66, 834 A.2d 524 (2003). Any borderline interpretations of the Act must be construed in favor of the injured worker. *Id.*

there were not reimbursable as "non-medical services" incidental to medical services. The WCJ found that the vocational expert was hired to serve as a liaison between the claimant and the employer and to correct the supposed wrongs committed by the employer's vocational experts rather than to treat the claimant's work injury. As *Taylor* correctly notes, medical services are reimbursable just as services provided by a health care provider under Section 306(f.1)(1)(i).

In *Taylor* the Court relied upon *Morwald v. Workmen's Compensation Appeal Board (Eng'g & Refrigeration, Inc.)*, 143 Pa.Cmwlth. 511, 599 A.2d 307 (1991), and *Foyle v. Workmen's Compensation Appeal Board (Liquid Carbonic I/M Corp.)*, 160 Pa.Cmwlth. 534, 635 A.2d 687 (1993). In *Morwald* the Court considered whether psychotherapy provided to the claimant by a licensed registered nurse, board-certified in psychiatric nursing, was compensable under Section 306(f)(1), then in effect.[2] Agreeing with the claimant that it was error for the Board to require that the nurse be a licensed psychotherapist when none exists, the Court nonetheless affirmed the Board's decision on alternate grounds. The Court announced its holding "that psychotherapy, as a modality of treatment, *is a medical service, not a separate field of the healing arts which requires specific licensure as a prerequisite to coverage under § 306(f)." Id.*, 599 A.2d at 309 (emphasis added). Its reasoning is stated in part as follows at 309:

> [Psychotherapy] . . . is a therapeutic or corrective measure, which O'Connor [the registered nurse] is not licensed to *prescribe.* (Emphasis in original). O'Connor may have been qualified by virtue of

her nursing license to provide psychotherapy according to a regimen prescribed by a healing arts practitioner whose license includes diagnostic and prescriptive functions. Still, without *supervision by, or at a minimum, a referral from such a practitioner,* the psychotherapy rendered by O'Connor does not come within the provisions of § 306(f). (Emphasis added.)

The provider of psychotherapy in *Foyle* held a doctorate in education but held no license to practice any of the healing arts in the Commonwealth. There was no indication that he was referred by the claimant's physician or other licensed practitioner to provide psychotherapy to the claimant. The provider testified that he and his partner, a Pennsylvania licensed clinical psychologist, supervised each other's case loads at least once per week, although the Court held that the testimony failed to show that he performed work under the supervision of the psychologist. Relying on *Morwald* the Court held that the psychotherapy was not compensable. In *Petrilla v. Workmen's Compensation Appeal Board (People's Natural Gas)*, 692 A.2d 623 (Pa.Cmwlth.1997), the Court reaffirmed *Morwald* and held that "[s]ervices provided to a claimant by someone who is not a licensed practitioner of the healing arts, to be recoverable under Section 306(f)(1), must be provided *under the supervision of a practitioner, or at a minimum, by a referral from the practitioner." Petrilla,* at 625 (emphasis added).

Under *Morwald, Foyle* and *Petrilla* the employer is required to pay for services provided to a claimant by an unlicensed

---

**2.** Section 306(f)(1) of the Act previously provided that "the employer shall provide payment for reasonable surgical and medical services, *services rendered by duly licensed practitioners of the healing arts,* medicines,

and supplies, as and when needed...." (Emphasis added.) In 1993 Section 306(f)(1) was amended to the current version and renumbered to Section 306(f.1)(1).

therapist if such services were provided under the supervision of a licensed practitioner *or* upon referral from or prescription by such practitioner for treatment of the claimant's work injury. Those cases do not support the proposition stated in *Taylor, i.e.,* to be reimbursable under Section 306(f.1)(1)(i) the medical services provided to a claimant must be rendered by a "duly licensed medical practitioner." The proposition stated in *Taylor* is erroneous as it purports to find support in prior decisions that stand for a contrary view. This Court should clarify the incorrect statement of the law in *Taylor* to avoid its improper application to cases, such as the one here, to defeat a claimant's entitlement to payment for massage therapy provided on referral from a physician and pursuant to his prescription to treat the claimant's work-related injury.

It is well settled that treatment may be reasonable and necessary even if it is palliative in nature, *i.e.,* only designed to manage the claimant's symptoms rather than to cure or permanently improve the underlying condition. *Haynes v. Workers' Compensation Appeal Board (City of Chester),* 833 A.2d 1186 (Pa.Cmwlth.2003). The massage therapy provided by Bell upon Dr. Proy's referral and pursuant to his prescriptions was to treat Claimant's work injury, and, therefore it constitutes reasonable "medical services" for which Employer is required to pay. Moreover, the massage therapy provided to Claimant is clearly distinguishable from the vocational services provided in *Taylor,* which the Court indicated was intended to help the claimant's assimilation back into the work environment. Such vocational services cannot be considered medical services under Section 306(f.1)(1)(i) for treatment of symptoms related to the work injury.

Even assuming, *arguendo,* that the massage therapy provided by Bell is not compensable as medical services, it is nevertheless compensable as "non-medical services" incidental to medical services because it is causally related and incidental to the treatment of Claimant's work injury. *See Tobias v. Workmen's Compensation Appeal Board (Nature's Way Nursery, Inc.)* 141 Pa.Cmwlth. 438, 595 A.2d 781, 786 (1991) (awarding expenses for artificial insemination necessitated by sexual dysfunction caused by the work injury, stating that "expenses, even if not an actual part of the treatment, are compensable if they are incidental to the treatment"). *See also* Section 306(f.1)(1)(ii), requiring the employer to pay "for medicines and supplies, hospital treatment, services and supplies and orthopedic appliances, and prostheses ..."; *Rieger v. Workmen's Compensation Appeal Board (Barnes & Tucker Co.),* 104 Pa.Cmwlth. 42, 521 A.2d 84 (1987) (holding that expenses for installing hand controls in claimant's automobile and remodeling his home to permit him to use his wheelchair were compensable as "orthopedic appliances").

The Court's decisions in *Morwald, Foyle* and *Petrilla* do not support the result reached by the majority, and, in fact, they hold directly to the contrary. The Board's order should be reversed, and the WCJ's grant of Claimant's petition to review medical treatment and/or billing should be reinstated.