# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leslie Schriver,                 :
             Petitioner    :
          v.             :
                       :
Workers' Compensation Appeal    :
Board (Commonwealth of          :
Pennsylvania, Department        :
of Transportation),             :    No. 289 C.D. 2017
               Respondent    :    Argued: December 7, 2017


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge


OPINION BY
JUDGE COVEY                             FILED: December 28, 2017


       Leslie Schriver (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) February 15, 2017 order reversing the Workers' Compensation Judge's (WCJ) decision granting Claimant's Petition to Review Medical Treatment and/or Billing (Review Petition) and Claimant's Penalty Petition (collectively, Petitions). The issue before this Court is whether the Board erred by concluding that Claimant's massage therapy expenses were not reimbursable.[1] After review, we reverse.

       On May 1, 1978, while working for the Commonwealth of Pennsylvania, Department of Transportation (Employer), Claimant sustained a work-related injury to his low back, for which Employer issued a Notice of Compensation Payable

---

[1] Claimant's Statement of Questions Involved includes two questions: (1) whether the Board erred by reversing the WCJ's decision that Claimant's massage therapy sessions were reimbursable; and, (2) whether the Board misapplied this Court's precedent relating to employer liability for massage therapy payments. *See* Claimant Br. at 2. Because the two issues are subsumed in an analysis of the first, we have combined the issues accordingly.

(NCP). Claimant continues to receive treatment from his family physician and at Chambersburg Chiropractic with chiropractor Dr. Fiss.[2]

Claimant's family doctor prescribed a walker for Claimant, which he purchased from Overstock.com for $118.16, and then sought reimbursement from Employer. Dr. Fiss referred Claimant to a licensed massage therapist in his office, Danielle Hurd (Hurd), for therapy on his lower back and hips. Claimant had massage therapy treatments approximately every three weeks from January 28, 2015, for which he paid $60.00 per hour out-of-pocket.[3] Despite having submitted the massage therapy receipts to Employer's counsel for reimbursement, Employer has not paid Claimant.

On July 7, 2015, Claimant filed the Review Petition because "[Employer] has failed to reimburse Claimant for out-of-pocket massage therapy expenses." Reproduced Record (R.R.) at 120a. Claimant simultaneously filed the Penalty Petition seeking "[i]mmediate reimbursement, plus 50% penalties, interest, costs, and attorney fee[s.]" R.R. at 120a. Employer denied Claimant's claims. WCJ hearings were held July 20 and October 5, 2015. On February 11, 2016, the WCJ granted the Petitions, ordered Employer to reimburse Claimant for his walker and the massage therapy sessions, and awarded Claimant penalties, costs and attorney's fees. Employer appealed to the Board which, on February 15, 2017, reversed the WCJ's decision.[4] Claimant appealed to this Court.[5]

---

[2] Dr. Fiss' full name is not stated in the record.

[3] Claimant seeks $870.00 for the following massage therapy treatments: 1/28/15 $60.00, 2/18/15 $60.00, 3/10/15 $30.00 (denoted "birthday"), 3/31/15 $60.00, 4/21/15 $60.00, 5/13/15 $60.00, 6/03/15 $60.00, 6/25/15 $60.00, 7/16/15 $60.00, 8/06/15 $60.00, 8/27/15 $60.00, 9/15/15 $60.00, 10/06/15 $60.00, 10/29/15 $60.00, 11/19/15 $60.00.

[4] Employer did not challenge the portion of the WCJ's order requiring Employer to reimburse Claimant for his walker, so the Board did not reverse that ruling.

[5] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6

2

Claimant argues the Board erred by concluding that Employer was not responsible for Claimant's massage therapy expenses despite that they were causally related to the accepted work injury and were provided by or under the supervision of a licensed health care provider pursuant to the WC Act (Act),[6] as this Court required in *Moran v. Workers' Compensation Appeal Board (McCarthy Flowers)*, 78 A.3d 1245 (Pa. Cmwlth. 2013), *Boleratz v. Workers' Compensation Appeal Board (Airgas, Inc.)*, 932 A.2d 1014 (Pa. Cmwlth. 2007), and *Foyle v. Workmen's Compensation Appeal Board (Liquid Carbonic I/M Corp.)*, 635 A.2d 687 (Pa. Cmwlth. 1993).

Section 306(f.1)(1)(i) of the Act mandates, in relevant part, that "[t]he employer shall provide payment . . . for reasonable . . . services rendered by physicians or other **health care providers**, . . . as and when needed." 77 P.S. § 531(1)(i) (emphasis added). Section 109 of the Act defines "health care provider" as

> any person . . . **licensed or otherwise authorized by the Commonwealth to provide health care services**, **including**, but not limited to, any physician, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, **chiropractor** or pharmacist **and an** officer, **employe or agent of such person** acting in the course and scope of employment or agency related to health care services.

77 P.S. § 29 (emphasis added).[7]

Based on the foregoing, in *Taylor v. Workers' Compensation Appeal Board (Bethlehem Area School District)*, 898 A.2d 51 (Pa. Cmwlth. 2006), this Court held, despite that the claimant's physician prescribed the services, the employer was not liable to reimburse the claimant for vocational expert's services where the expert

---

(Pa. Cmwlth. 2014). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

[6] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1-1041.4, 2501-2708.

[7] Added by Section 3 of the Act of July 2, 1993, P.L. 190.

was not professionally licensed by the Commonwealth. Relying on *Taylor*, this Court in *Boleratz* more specifically ruled

> that the services of a massage therapist, who is not licensed or otherwise authorized by the Commonwealth to provide health care services, are not reimbursable under the Act, even if the services are prescribed by a health care provider. **Because [the massage therapist] is not licensed and was not supervised, [the e]mployer is not required to pay for her treatment**.

*Id.* at 1019. This holding is in accordance with this Court's long-standing interpretation that "[i]n order . . . to be compensable under [Section] 306(f)(1) of the Act, [the health care service] must be performed by a duly licensed practitioner . . . or under the supervision of such a person." *Foyle*, 635 A.2d at 691. In *Moran*, the employer was ordered to reimburse the claimant for massage therapy performed by a licensed practical nurse (LPN) at the recommendation and under the direction of a physician, since an LPN is a health care provider under the Act, the LPN's training included massage therapy, and the employer "failed to establish that massage therapy did not come under the duties of an LPN." *Id.* at 1250.

In 2008, the General Assembly enacted the Massage Therapy Law,[8] which became effective on October 12, 2010.[9] Thereunder, the State Board of Massage Therapy was created and authorized to establish qualifications for and approve massage therapists for Commonwealth licensing. *See* Sections 3 and 4 of the Massage Therapy Law, 63 P.S. §§ 627.3, 627.4. Section 2 of the Massage Therapy Law defines "massage therapist" as "[a]n individual licensed by the State Board of Massage Therapy to practice massage therapy."[10] 63 P.S. § 627.2. It is undisputed in

---

[8] *Act of October 9, 2008, P.L. 1438, as amended*, 63 P.S. §§ 627.1-627.50.

[9] Although the Massage Therapy Law was enacted before *Moran* was decided, the treatments at issue were provided before the Massage Therapy Law was in effect. The *Moran* Court clarified that massage therapy licensing began on January 1, 2011. *Id.*

[10] Section 2 of the Massage Therapy Law defines "massage therapy" as:

4

the instant case that Hurd held a valid, Commonwealth-issued massage therapy license when she treated Claimant.  Notwithstanding, the General Assembly specifically declared in Section 17 of the Massage Therapy Law, in relevant part, that "[l]**icensure under** [**the Massage Therapy Law**] **shall not be construed as** requiring new or additional third-party reimbursement or otherwise **mandating coverage under** . . . **the** [**Act**]."  63 P.S. § 627.17 (emphasis added).

Although Section 17 of the Massage Therapy Law makes clear that Hurd's licensure does not automatically render Claimant's massage therapy treatments reimbursable under the Act, it does not preclude Employer's liability therefor.  Moreover, Section 306(f.1)(1)(i) of the Act requires Employer to pay for reasonable services rendered by health care providers, which Section 109 of the Act defines to include **chiropractors <u>and</u> their** "**employe**[e**s**] **or agent**[**s**][11] . . . **acting in**

---

The application of a system of structured touch, pressure, movement, holding and treatment of the soft tissue manifestations of the human body in which **the primary intent is to enhance the health and well-being of the client** without limitation, except as provided in this [Massage Therapy Act].  The term includes the external application of water, heat, cold, lubricants or other topical preparations, lymphatic techniques, myofascial release techniques and the use of electro-mechanical devices which mimic or enhance the action of the massage techniques.  The term does not include the diagnosis or treatment of impairment, illness, disease or disability, a medical procedure, a chiropractic manipulation--adjustment, physical therapy mobilization--manual therapy, therapeutic exercise, electrical stimulation, ultrasound or prescription of medicines for which a license to practice medicine, chiropractic, physical therapy, occupational therapy, podiatry or other practice of the healing arts is required.

63 P.S. § 627.2 (emphasis added).

[11] "An employer-employee relationship exists where the alleged employer possesses the right to select the employee; the right and power to discharge the employee; the power to direct manner of performance; and the power to control the employee." *3D Trucking Co., Inc. v. Workers' Comp. Appeal Bd. (Fine & Anthony Holdings Int'l)*, 921 A.2d 1281, 1288  (Pa. Cmwlth. 2007).  "There are three basic elements for a principal-agent relationship: (1) manifestation by a principal that an agent shall act for the principal; (2) the agent's acceptance of the undertaking; and (3) the

**the course and scope of employment or agency related to health care services**." 77 P.S. § 29 (emphasis added). Based upon established precedent, and the Act's clear language, if Hurd was providing massage therapy services for Claimant as Dr. Fiss' employee or agent, then Employer is liable for those expenses.

At the October 5, 2015 WCJ hearing, Claimant testified that Dr. Fiss recommended he undergo massage therapy provided by Hurd, who conducted the massage therapy sessions at Dr. Fiss' Chambersburg Chiropractic office, although not in Dr. Fiss' presence. *See* R.R. at 25a-26a, 29a-30a. Claimant pronounced that the treatments have "certainly" helped. R.R. at 28a. When asked if Dr. Fiss and Hurd communicated about his massage therapy sessions, Claimant responded: "I really don't know but I think they do." R.R. at 26a. Claimant's massage therapy receipts were admitted into evidence. At Employer's request, the WCJ admitted into evidence Claimant's Review Petition, Employer's answer, and a print-out from the Chambersburg Chiropractic's website containing Hurd's professional profile.

In granting the Petitions, the WCJ stated:

> [T]his Judge cannot, in light of the available evidence, accept [Employer's] argument that [Hurd's] therapy is not supervised by Dr. Fiss. As noted, [Employer] does acknowledge that [Hurd] is a licensed massage therapist, and presented evidence that clearly indicates she performs massage therapy at Dr. Fiss'[] practice: Chambersburg Chiropractic. While Claimant could not state with certainty that [Hurd] and Dr. Fiss communicate about his therapy, given the available evidence it is difficult to conceive that they render treatment to the same patient - [] Claimant - under the same provider entity - Chambersburg Chiropractic - without communication. Accordingly . . . , . . . Claimant met his burden for his Petitions.

WCJ Dec. at 7.

---

parties' understanding that the principal is to be in control of the undertaking." *Wilson Area Sch. Dist. v. Skepton*, 860 A.2d 625, 630 (Pa. Cmwlth. 2004), *aff'd,* 895 A.2d 1250 (Pa. 2006).

The law is well-settled that "[t]he WCJ has exclusive authority to act as fact finder, determine credibility of witnesses, and weigh the evidence. The WCJ's findings will not be disturbed if they are supported by substantial, competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

> 'Moreover, we are to draw all reasonable inferences which are deducible from the evidence in support of the factfinder's decision in favor of that prevailing party.' It does not matter if there is evidence in the record supporting findings contrary to those made by the WCJ; the pertinent inquiry is whether the evidence supports the WCJ's findings.

*3D Trucking Co., Inc., v. Workers' Comp. Appeal Bd. (Fine & Anthony Holdings Int'l)*, 921 A.2d 1281, 1288 (Pa. Cmwlth. 2007) (quoting *Waldameer Park, Inc. v. Workers' Comp. Appeal Bd. (Morrison),* 819 A.2d 164, 168 (Pa. Cmwlth. 2003)) (citation omitted).

In reversing the WCJ's decision, the Board reasoned:

> Although [Hurd] is a licensed massage therapist, licensure under the Massage Therapy Law does not automatically render a massage therapist a health care provider under the Act as evidenced by the plain language of [Section 17 of the Massage Therapy Law,] 63 P.S. § 627.17, which provides that licensure as a massage therapist does not mandate coverage under the Act. Additionally, the Massage Therapy Law's definition of massage therapy draws a distinction between massage therapy, which is utilized to 'enhance health and wellbeing' and medical treatment, which is designed to diagnose and treat impairment, illness, disease and disability. Health care providers, unlike massage therapists, go beyond the promotion of health and well-being to treat and diagnose injured workers. Considering these differences in the definitions of massage therapist and health care provider, as well as the General Assembly's specific indication that employers are not mandated to cover massage therapy under the Act, we must conclude that the WCJ erred in determining that [Employer] was liable for

7

the payment of the massage therapy Claimant received from [Hurd]. We therefore reverse this aspect of the WCJ's Decision. Because [Employer] is not liable for payment of the massage therapy provided by [Hurd], we also reverse the WCJ's award of penalties.

Board Op. at 5. The Board's position is untenable.

We acknowledge that, under Section 109 of the Act, a health care provider and/or his employee or agent must be rendering "health care services." 77 P.S. § 29. Notably, the Act, Employer nor the Board specifically define health care services. Rather, the Board declares, without supporting legal authority, that since Employer is only liable under the Act to pay for "medical treatment designed to diagnose and treat impairment, illness, disease and disability" and, since massage therapy is merely intended to "enhance health and well-being," it is not compensable under the Act. Board Op. at 5.

However, Section 109 and Section 306(f.1)(1)(i) of the Act do not expressly limit health care providers to medical treatment, to the exclusion of methodologies intended to enhance an injured worker's health and well-being. Moreover, because there has been no challenge that Hurd's massage therapy was prescribed for any reason other than to afford Claimant relief from pain caused by his accepted work injury, the record supports that the therapy would not have been undertaken *but for* Claimant's work injury.

> Further, '[o]ur basic premise in [WC] matters is that the [Act] is remedial in nature and intended to benefit the worker, and, therefore, the Act must be liberally construed to effectuate its humanitarian objectives.' *Hannaberry* [*HVAC v. Workers' Comp. Appeal Bd.*]*,* 834 A.2d 524[, 528 (Pa. 2003)] (quoting *Peterson v.* [*Workmen's Comp. appeal Bd.*] *(PRN Nursing Agency),* . . . 597 A.2d 1116, 1120 ([Pa.] 1991)).

> Accordingly, 'borderline interpretations' of the Act 'are to be construed in the injured party's favor.' *Hannaberry,* 834 A.2d at 528 (quoting *Harper & Collins v.* [*Workmen's*

8

*Comp. Appeal Bd.*] *(Brown),* 672 A.2d 1319, 1321 ([Pa.] 1996)).

*Kelly v. Workers' Comp. Appeal Bd. (U.S. Airways Grp., Inc.)*, 992 A.2d 845, 852 (Pa. 2010). Notwithstanding, based on this Court's precedent in *Moran*, *Boleratz* and *Foyle* and the Act's definition of health care provider, regardless of whether or not massage therapists are licensed, if they are supervised *or* have an employment or agency relationship with a licensed health care provider, an employer is liable for expenses related to the health care services rendered.

Here, the WCJ made a finding based on the print-out from the Chambersburg Chiropractic's website that Hurd's professional profile appeared on the website, and viewers were offered "an opportunity to '[l]earn more about what [Hurd] offers at Chambersburg Chiropractic[.]'" WCJ Dec. at 4-5 (Finding of Fact 6); *see also* R.R. at 23a. In addition, we observe that Hurd's profile was listed by Chambersburg Chiropractic under the heading "Our Massage Therapist," massage therapy was listed among Chambersburg Chiropractic's services on Chambersburg Chiropractic forms, and Claimant's massage therapy receipts were printed on Chambersburg Chiropractic forms. *See* R.R. at 23a; *see also* R.R. at 41a, 45a, 47a, 49a, 51a, 53a, 55a, 57a, 100a, 102a, 104a, 106a. The WCJ found: "Given Claimant's credible and accepted testimony regarding the massage therapy, this [WCJ] finds the documentation offered by Claimant and the documentation offered by [Employer] supportive of Claimant's testimony that he receives the same from a licensed massage therapist working under the direction and control of [Dr. Fiss]." WCJ Dec. at 5 (Finding of Fact 6.b [sic][12]). Employer offered no evidence to the contrary.

Drawing all reasonable inferences in Claimant's favor, as we must, we hold that since substantial evidence supports the WCJ's findings that Claimant's

---

[12] The WCJ's decision lists a Finding of Fact 6 and also numbers the next Finding of Fact 6 (with subparts a and b). It is apparent that the second Finding of Fact 6 should have been numbered Finding of Fact 7 (with subparts a and b).

massage therapy was provided by Hurd under Dr. Fiss' direction in connection with Claimant's overall work injury treatment plan, Employer is obligated under Section 306(f.1)(1)(i) of the Act to reimburse Claimant for those sessions.

Based on the foregoing, the Board's order is reversed.

_____
ANNE E. COVEY, Judge

10

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leslie Schriver,                   :
                    Petitioner       :
                  v.                 :
                                         :
Workers' Compensation Appeal      :
Board (Commonwealth of           :
Pennsylvania, Department           :
of Transportation),                 :      No. 289 C.D. 2017
                   Respondent     :

## O R D E R

AND NOW, this 28th day of December, 2017, the Workers' Compensation Appeal Board's February 15, 2017 order is reversed.

_____
ANNE E. COVEY, Judge