**Robert ITEN, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ABF FREIGHT SYSTEMS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 27, 2004.

Decided April 27, 2004.

---

Ian J. Blynn, Harrisburg, for petitioner.

Michael A. Farrell, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY President Judge COLINS.

Robert Iten (Claimant) has filed a petition for review of the order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers' compensation judge (WCJ) denying a penalty petition filed on behalf of claimant. We affirm.

Claimant suffered a work-related injury in 1989 for which he received benefits pursuant to a notice of compensation payable. Subsequently, issues arose as to whether claimant could return to work, and if so, whether offering a non-union position was an available position. *See ABF Freight Systems v. Workers' Compensation Appeal Board (Iten)*, 744 A.2d 348 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 568 Pa. 667, 795 A.2d 979 (2000). While that matter was pending, claimant continued with his medical treatment and a dispute arose over payment of the medical expenses for a cervical condition, which claimant alleged was related to the work injury. That dispute resulted in Claimant filing a penalty petition on February 19, 1999, which petition in turn was amended to a compromise and release petition at a hearing held before a WCJ on October 6, 1999. At that hearing, the WCJ found that claimant credibly testified that he willingly entered into a compromise and release agreement with employer, and that he understood the full legal significance of the agreement. The WCJ concluded that the agreement was in claimant's best interest. In accord with the agreement, the WCJ entered an order granting the compromise and release petition and directing that the claimant be paid compensation, medical expense, litigation costs, and counsel fees in the amount of $150,000.00. Specifically, the agreement, made part of the WCJ's Order, states that for the October 17, 1989 incident the injury is agreed

to be "fractured left ankle and wrist, shoulder injury, lower back injury and neck injury." (Paragraph 4 of the Agreement.) Paragraph 9 of the agreement (relating to a summary of medical benefits paid and/or due) states,

[a]n issue exists as to whether or not Claimant's neck condition and treatment, including cervical surgery, is causally related to Claimant's work injury. This agreement will resolve that issue.

Further, it is specifically set forth in Paragraph 8,

Claimant will not be entitled to any workers' compensation wage or medical benefits after the date of the approval of this agreement. In exchange for Claimant's waiver of any future wage and medical benefits and to resolve the issue of payment for treatment, including surgery, of Claimant's cervical condition, employer has agreed to pay Claimant $150,000. Claimant is agreeing to sign a letter of resignation. As part of this agreement, claimant agrees to withdraw his Penalty Petition currently pending.

Paragraph 10 of the agreement explains,

Employer will no longer be responsible for the payment of any medical treatment on or after the date of the approval of this compromise and release agreement. In exchange for the waiver of any future wage and medical benefits, Employer has agreed to pay Claimant $150,000.00. The parties expressly agree that this payment of $150,000.00 relates to future wages and medical benefits and to resolve the issue of payment

of medical treatment, including surgery for Claimant's cervical condition.

Finally, the reason for entering this agreement is stated in Paragraph 16,

To avoid the time and expense associated with litigating the issues [related to whether claimant's neck condition and treatment, including cervical surgery, was causally related to Claimant's work injury].

■ Despite the agreement, which was intended to resolve all litigation, on November 8, 2001, claimant filed the herein penalty petition alleging that employer violated the Workers' Compensation Act (Act)[1] by failing to pay for medical services rendered prior to the agreement. Employer denied the allegations, and the matter was set before a WCJ. The WCJ found no merit to claimant's petition, and denied the petition. The WCAB affirmed.

Before this Court[2] claimant contends that the WCAB erred in rendering its decision, as the agreement pertained only to future medical expenses and did not include unpaid medical bills incurred prior to signing the agreement. In the alternative, claimant contends that if the bills are not part of the agreement, then the agreement contains a mutual mistake and needs to be modified to allow for the payment of the medical expenses. Employer contends that the agreement was intended to resolve all issues whether known or unknown at the time of the signing of the agreement.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

2. Our scope of review is limited to determining whether there is substantial evidence to support the decision of the WCAB, whether the WCAB has erred as a matter of law in reaching a decision, or whether a constitutional violation has occurred. *Cardwell v.*

*Workers' Compensation Appeal Board (Illumelex Corp.),* 786 A.2d 1014 (Pa.Cmwlth.2001), *petition for allowance of appeal denied,* 569 Pa. 685, 800 A.2d 934 (2002). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Westinghouse Elec. v. Workers' Compensation Appeal Board (Weaver),* 823 A.2d 209 (Pa.Cmwlth.2003).

Once it is determined that an employer is liable for an injury under the Act, the employer is required to pay a claimant's reasonable and necessary medical expenses that are causally related to the injury. *Martin v. Workers' Compensation Appeal Board (Red Rose Transit Authority)*, 783 A.2d 384, 389 (Pa.Cmwlth. 2001), *petition for allowance of appeal denied*, 568 Pa. 710, 796 A.2d 988 (2002). Section 435 of the Act, 77 P.S. § 991(d), authorizes the imposition of penalties for violations of the Act. The assessment of penalties is discretionary, and absent an abuse of discretion by the WCJ, this Court will not overturn a penalty on appeal. *Essroc Materials v. Workers' Compensation Appeal Board (Braho)*, 741 A.2d 820 (Pa.Cmwlth.1999). An abuse of discretion occurs when the law is misapplied. *Westinghouse.*

In the present matter, the WCJ conducted a hearing regarding the agreement. He found that the claimant credibly testified that he understood both the purpose and the terms of the agreement. The purpose of the agreement was to resolve all issues regarding medical expenses, without accepting liability for claimant's cervical condition. In return for the consideration of claimant's forgoing any additional claim for medical expenses and or wages, employer issued claimant a payment of $150,000.00. Furthermore, the claim that the checking of the box "not subject to subrogation" creates a mutual mistake between the parties to the agreement has no factual support in the record. Claimant has presented no evidence to support this assertion. Rather, the evidence is that claimant willingly and knowingly entered an agreement in which claimant agreed that there was neither a lien nor a potential lien for subrogation under Section 319 of the Act.

Accordingly, the order of the WCAB is affirmed.

### ORDER

**AND NOW,** this 27th day of April 2004, the Order of the Workers' Compensation Appeal Board entered in the above-captioned matter is **AFFIRMED.**