Rachel BABU, Petitioner

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (TEMPLE CONTINU-
ING CARE CENTER), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 18, 2014.

Decided Sept. 15, 2014.

Paul Auerbach, Merion, for petitioner.

Christopher R. Bridgman, Media, for respondent.

BEFORE: RENÉE COHN JUBELIRER, Judge, and ROBERT SIMPSON, Judge, and JAMES GARDNER COLINS, Senior Judge.

OPINION BY Senior Judge JAMES GARDNER COLINS.

In accordance with the Pennsylvania Workers' Compensation Act (Act),[1] Rachel Babu (Claimant) petitions for review of the January 30, 2014 order of the Workers' Compensation Appeal Board (Board) that affirmed the decision and order of Workers' Compensation Judge Scott Olin (WCJ), which had dismissed Claimant's petition seeking reimbursement of bills for Ayurvedic[2] therapy and treatment performed in India in 2008 and 2010. The issue of the compensability of Ayurvedic medical care is the sole remaining issue resulting from a Claim Petition filed by Claimant against Temple Continuing Care Center (Employer) following a June 8, 2008 work injury. For the reasons that follow, we affirm the order of the Board.

Claimant is a licensed Pennsylvania nurse.[3] Her litigation with Employer began fourteen years ago, when she sustained a work-related injury on February 28, 2000 in the course of transferring a heavy patient from a bed to a stretcher, and filed a claim petition that resulted in a 2006 award of indemnity benefits. Claimant appealed the 2006 award to the Board, and the Board remanded to allow the WCJ, *inter alia*, to make findings and credibility determinations regarding Ayurvedic medical treatment Claimant sought in 2001 for the February, 2000 work injury. Following hearings, the WCJ essentially affirmed its determination, and the Board affirmed. Claimant appealed, and in an unreported opinion hereinafter referred to as *"Babu 2010,"* this Court affirmed the disallowance of her claim for this treatment, stating:

> Services provided by non-licensed medical providers are compensable if they are provided under the supervision of or upon referral by a licensed practitioner. *Boleratz v. Workers' Comp. Appeal Bd. (Airgas Inc.),* 932 A.2d 1014 (Pa. Cmwlth.2007). In addition, employers are only required to pay medical expenses that are causally related to the work injury. *Iten v. Workers' Comp. Appeal Bd. (ABF Freight Sys., Inc.),* 847 A.2d 814 (Pa.Cmwlth.2004). The Ayurvedic treatment fails both of these requirements. There was no evidence that the treatment Babu underwent was pursuant to prescription or referral, and in fact, Babu's own expert said she

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

2. In its January, 2014 Opinion and Order, the Board stated: "[t]he Merriam–Webster on-line dictionary lists 'ayurvedic' as an adjective for 'Ayurveda,' which is defined as 'a form of holistic alternative medicine that is the traditional system of medicine in India," and cited the appropriate website address. (Board's Opinion and Order at 1 n. 1.) Before the WCJ, Claimant testified about the type of Ayurvedic treatment she received; she described it as "like massages and oil treatment" and con-

trasted it with massages she was receiving in the United States, stating "[b]ack in India it's a different massage where they pour the hot oil on your body and massage all the nerve points … they use a lot of herbal medications to make the heating pad …" (May 27, 2010 Hearing Transcript at 13, 15.).

3. Claimant is a graduate of the College of Nursing, Jitur, India and is licensed as a registered nurse in India. She was licensed as a nurse in Pennsylvania in September, 1990. (WCJ Decision and Order, 08/17/2012, F.F. ¶ 6(a).).

would not prescribe it. In addition, the WCJ found that the bill did not sufficiently explain what procedures were done, making the determination of whether the treatment was work-related impossible. Because both of these defects are sufficient to deny reimbursement, the WCJ properly found the Ayurvedic treatment was not compensable.

*Rachel Babu v. Workers' Compensation Appeal Board (Temple Continuing Care)* (Pa.Cmwlth., No. 1592 CD 2009, filed April 20, 2010) slip op. at 10–11, 2010 WL 9513241.

As a result of the subsequent June 8, 2008 work injury, Claimant filed a Claim Petition on February 17, 2009 alleging injuries to her left shoulder, neck, left upper extremity, and right shoulder, seeking weekly indemnity and medical benefits; on March 29, 2012, the parties entered into a Compromise and Release Agreement that resolved, *inter alia,* a penalty petition, a reinstatement petition filed with reference to the prior work injury, and a termination petition filed by Employer. However, the 2009 Claim Petition remained open solely for the WCJ to determine the compensability of the Ayurvedic medical care.

Following hearings, the WCJ dismissed the 2009 Claim Petition, finding specifically that: Claimant received treatment at an Ayurvedic center in India from September 9, 2008 until September 15, 2008 and from July 23, 2010 until July 30, 2010; the providers in both instances were identified as Dr. M. Nasimudeen, B.A.M. and Jose Vaidyar; these practitioners were not licensed providers in Pennsylvania; the services provided were not under the supervision of a licensed Pennsylvania health care practitioner; and the medical certificates submitted by Claimant for their services did not describe the treatment, what body parts the treatment was applied to, or include any medical reports required by relevant sections of the Act. (WCJ Decision and Order, August 20, 2012, Findings of Fact (F.F.) ¶¶ 7, 11(a)-(c).)

 Claimant appealed the WCJ's decision and order to the Board, and the Board affirmed. Claimant then appealed to this Court.[4] Claimant argues, first, that Employer waived the argument of compensability by failing to expressly plead the defense, and notes that during litigation Employer failed to object to Claimant's testimony that her licensed physicians recommended and/or specifically prescribed Ayurvedic therapy.[5] We

---

**4.** This Court's standard of review is limited to determining whether there has been an error of law, a violation of constitutional rights, or whether necessary findings of fact are supported by substantial evidence. *Taylor v. Workers' Compensation Appeal Board (Bethlehem School District),* 898 A.2d 51, 53, n. 2 (Pa.Cmwlth.2006).

**5.** Section 306(f.1)(1) of the Act, which includes provisions for employer payment of medical and health care related services, provides in relevant part:

(1)(i) The employer shall provide payment in accordance with this section for reasonable surgical and medical services, services rendered by physicians *or other health care providers,* ...

77 P.S. § 531(1)(i) (emphasis added). Pursuant to Section 109 of the Act, a "health care provider" is defined as:

[A]ny person, corporation, facility or institution licensed or otherwise authorized by the Commonwealth to provide health care services, including, but not limited to, any physicians, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist and an officer, employee or agent of such person acting in the course and scope of employment or agency related to health care services.

Section 109 of the Act was added by Section 3 of the Act of July 2, 1993, P.L. 190, *as amended,* 77 P.S. § 29.

find no waiver here. Strictness of pleadings is not required in workers' compensation matters. *Krushauskas v. Workers' Compensation Appeal Board (General Motors)*, 56 A.3d 64, 69 (Pa.Cmwlth.2012). In the course of the litigation, Employer elicited responses from both Claimant's treating physician, Dr. Pugliesi, and Employer's medical expert, Dr. Trabulsi, as to each physician's knowledge of Ayurvedic therapy and whether either had ever prescribed such therapy. The WCJ found that neither physician had ever recommended such treatment to a patient. (WCJ Decision and Order, F.F. ¶¶ 9–10.) Further, the WCJ stated that although Claimant testified that it was a Dr. Peer who prescribed the Ayurvedic therapy she received during a visit to her home in India in July, 2010, Dr. Peer did not testify; no specific referral note from Dr. Peer was offered in evidence; and Dr. Peer's detailed records do not mention such therapy or Claimant's need for the same.[6] (WCJ Decision and Order, Discussion.) Claimant was fully aware that Employer contested the compensability of Ayurvedic treatment, and acknowledged, under the terms of the Compromise and Release Agreement, that the treatment was under dispute.

Claimant also argues that the parties are bound by this Court's earlier, unpublished decision in *Babu 2010*, and as such cannot relitigate the issue of the compensability of Ayurvedic treatment in India. Claimant asserts that under the law of the case doctrine and/or collateral estoppel, *Babu 2010* has established that the services of the Ayurvedic treatment providers, although unlicensed in the Commonwealth, are compensable so long as they are *prescribed by,* or *provided under the supervision of* a licensed practitioner. Claimant asks this Court, in essence, to find her Ayurvedic treatment compensable by accepting her testimony that the treatment she received was in fact prescribed by a treating physician and/or by deeming Claimant, a licensed registered nurse, as the requisite "supervising health care practitioner" over her own care in India.

Here, both the WCJ and the Board found binding this Court's decision, also cited in the unreported *Babu 2010* decision, in *Boleratz v. Workers' Compensation Appeal Board (Airgas, Inc.)*, 932 A.2d 1014 (Pa.Cmwlth.2007), wherein it was held that "the services of a massage therapist, who is not licensed or otherwise authorized by the Commonwealth to provide health services, are not reimbursable under the Act, even if the services are prescribed by a health care provider. Because [the massage therapist] is not licensed and was not supervised, Employer is not required to pay for her treatment."[7] *Id.* at 1019 (footnote omitted.)

---

**6.** Dr. Peer's February 8, 2011 report contains a detailed synopsis of Claimant's prior care under various treating physicians, including their recommendations for diagnostic studies, medication regimens, outpatient physical therapy, and steroid injections. Claimant first saw Dr. Peer in June, 2010, and the report includes Dr. Peer's recommendations at that time, which included an EMG/NCV study and various medications; also included are descriptions of follow-up visits with Dr. Peer, with accompanying recommendations, on July 6, 2010 and July 13, 2010, one visit each in August and September, 2010, and subsequent visits in October, November, and December, 2010 and in February, 2011. There is no mention of Ayurvedic treatment in the report. (Claimant's Exhibit C–30, Report of Dr. Meeta D. Peer, M.D., P.C.).

**7.** The Board properly found that the principle of *stare decisis*, and not the law of the case governed, noting that Claimant's Claim Petition alleging a 2008 work injury litigation marked the beginning of a new case, different from the case that arose from the 2000 work injury; the Board concluded that *Boleratz*, which rejected the argument that a prescription was enough, therefore represented the controlling authority.

■ Moreover, the *Babu 2010* unreported decision held Claimant's earlier Ayurvedic treatment non-compensable because there, Claimant failed to present evidence of supervision by, or prescription or referral from, a licensed health care provider. Although the Board found the question of whether Claimant obtained a prescription or referral from a licensed provider irrelevant given the *Boleratz* decision, it noted the WCJ's holding that no specific referral note from Dr. Peer for Ayurvedic treatment was submitted in evidence. (Board Opinion and Order at 8, n. 6.) The WCJ documented the various allegations made by Claimant during the hearings held before him, including her statement on May 27, 2010 that no doctor had actually prescribed Ayurvedic treatment, but only "recommended it," and her conflicting statement on October 12, 2010 that Dr. Peer prescribed her 2010 Ayurvedic treatment; the WCJ then found that upon review of all evidence as detailed, the services provided in India were not under the supervision of a licensed Pennsylvania health care practitioner. (WCJ Opinion and Order, F.F. ¶¶ 6, 8, 11.) The Board similarly rejected Claimant's contention that her Ayurvedic treatment was compensable because it was conducted under her own supervision. We agree. There is no evidence whatsoever, by Claimant's own testimony or otherwise, that Claimant was trained in massage therapy or that she exercised supervisory control over the practitioners in India or in any way guided them during the provision of Ayurvedic treatments.

Claimant thus failed to establish either that the Ayurvedic services were provided under the supervision of, or upon referral or prescription from, a licensed Pennsylvania health care practitioner. We therefore need not resolve here the apparent conflict between our decision in *Boleratz* and the unpublished decision in *Babu 2010*. The WCJ properly found that the Ayurvedic treatment was not compensable.[8]

Finally, Claimant argues that Section 109 of the Act limiting payment of medical bills to services by Pennsylvania licensed health care providers is unconstitutional under the equal protection clauses of both Pennsylvania and United States Constitutions, as well as under the Commerce Clause of the United States Constitution. We do not agree.

■ Claimant contends that the Act creates a legislative classification between injured and non-injured workers, requiring only injured workers to use Pennsylvania health care providers; Claimant further contends that the Act creates a medical monopoly that affects interstate commerce by making it economically unfeasible to use non-Pennsylvania licensed health care providers operating across Pennsylvania's borders. Our Supreme Court rejected this argument in *Kramer v. Workers' Compensation Appeal Board (Rite Aid Corporation)*, 584 Pa. 309, 883 A.2d 518 (2005). In *Kramer*, the Court held that no legislative distinction had been made between non-injured and injured workers since the Act does not address non-injured workers, and applies equally to all individuals receiving workers' compensation benefits. *Id.* at 532. Because no classification for the unequal distribution of benefits had been created, there was no equal protection violation. *Id.* at 533. Moreover, even assuming that a classification exists, Claimant's argument would fail under the

---

8. Because Claimant's Ayurvedic treatment is not compensable, we will not address the issues of the proper documentation of the Ayurvedic treatment and/or failure to detail actual procedures performed, which was argued by both parties in their briefs.

operative rational basis review standard;[9] the Act's requirements for Pennsylvania licensing of health care providers promote legitimate state interests of cost containment and cost certainty, and any classification of injured workers under the Act is related to promoting these interests.

 With regard to Claimant's argument regarding the unconstitutionality of Section 109 of the Act under the Commerce Clause, the law does not mandate that only in-state providers may be licensed in Pennsylvania, and is not facially discriminatory since out-of-state providers are treated no differently than in-state providers; all health care providers must be licensed by Pennsylvania. 77 P.S. § 29. Thus, the balancing test established by the United States Supreme Court in *Pike v. Bruce Church, Inc.,* 397 U.S. 137, 142, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970) applies,[10] and since there are legitimate local interests in protecting Pennsylvania's employers, injured workers and health care providers (meaningful review and remedy to either party who contests or promotes treatment, cost certainty and cost containment, and certainty of payment), the burden on interstate commerce is but incidental in comparison to the benefits afforded. *Kramer,* 883 A.2d at 535. We conclude that Section 109 of the Act must be upheld as constitutionally sound.

For the foregoing reasons, we affirm.

---

**9.** In *Kramer,* our Supreme Court held that the Act confers a social welfare benefit on injured workers and a court's review of social welfare regulations is deferential and subject to rational basis review. 883 A.2d at 533–34. The Pennsylvania Supreme Court stated: "[i]n applying the rational basis test, this court has employed a two-step analysis: first, we determine whether the challenged statute seeks to promote any legitimate state interest or public value; and if so, we then determine whether the legislative classification is reasonably related to accomplishing that articulated state interest." *Id.* at 534 (citations omitted.).

***ORDER***

AND NOW, this 15th day of September, 2014, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby AFFIRMED.

---

**10.** The *Pike* balancing test asks whether the "challenged statute regulates evenhandedly with only 'incidental' effects on interstate commerce, whether the statute serves a legitimate local purpose; and if so, whether alternative means could promote this local purpose as well without discriminating against interstate commerce." *Kerbeck Cadillac Pontiac, Inc. v. State Board of Vehicle Manufacturers,* 854 A.2d 663, 673 (Pa.Cmwlth.2004) (citing *Pike,* 397 U.S. at 142, 90 S.Ct. 844).